**E-FILED**
Tuesday, 06 June, 2006  03:15:48 PM
Clerk, U.S. District Court, ILCD

AO 240  (Rev. 10/03)

# UNITED STATES DISTRICT COURT

_Central_  District of _Illinois_

Joseph E. Posey Sr.
### Plaintiff

V.

Champaign Park District
### Defendant

**APPLICATION TO PROCEED
WITHOUT PREPAYMENT OF
FEES AND AFFIDAVIT**

CASE NUMBER: 06 - 2114

FILED
JUN 06 2006
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

I, _Joseph Ervin Posey Sr._ declare that I am the (check appropriate box)

☑ petitioner/plaintiff/movant          ☐ other

in the above-entitled proceeding; that in support of my request to proceed without prepayment of fees or costs under 28 USC §1915 I declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief sought in the complaint/petition/motion.

In support of this application, I answer the following questions under penalty of perjury:

1. Are you currently incarcerated?          ☐ Yes          ☑ No          (If "No," go to Part 2)

   If "Yes," state the place of your incarceration _____

   Are you employed at the institution? _____ Do you receive any payment from the institution? _____

   Attach a ledger sheet from the institution(s) of your incarceration showing at least the past **six** months' transactions.

2. Are you currently employed?          ☑ Yes          ☐ No

   a. If the answer is "Yes," state the amount of your take-home salary or wages and pay period and give the name and address of your employer.
   The pay varies.
   I am self-employed. Posey's Rentals 117 E. Roper Champaign IL,

   b. If the answer is "No," state the date of your last employment, the amount of your take-home salary or wages and pay period and the name and address of your last employer.

3. In the past 12 twelve months have you received any money from any of the following sources?

   a. Business, profession or other self-employment     ☐ Yes     ☐ No
   b. Rent payments, interest or dividends                    ☑ Yes     ☐ No
   c. Pensions, annuities or life insurance payments     ☐ Yes     ☐ No
   d. Disability or workers compensation payments       ☐ Yes     ☐ No
   e. Gifts or inheritances                                          ☐ Yes     ☐ No
   f. Any other sources                                              ☐ Yes     ☐ No

   If the answer to any of the above is "Yes," describe, on the following page, each source of money and state the amount received and what you expect you will continue to receive.

AO 240 Reverse (Rev. 10/03)

4.  Do you have any cash or checking or savings accounts?    ☒ Yes        ☐ No

    If "Yes," state the total amount.  _97.41 —_

5.  Do you own any real estate, stocks, bonds, securities, other financial instruments, automobiles or any other thing of value?        ☒ Yes        ☐ No

    If "Yes," describe the property and state its value.

    98 Lumina - $2500
    86 Chevy celebritty $500
    117 E. Roper - home    $45,000 (debt)

6.  List the persons who are dependent on you for support, state your relationship to each person and indicate how much you contribute to their support.

    Jamal Posey - Son - entire support - varies
    Gweneta Posey - wife entire support - varies

I declare under penalty of perjury that the above information is true and correct.

_6-6-6_
Date

_Joseph E. Posey Sr_
Signature of Applicant

**NOTICE TO PRISONER:** A Prisoner seeking to proceed without prepayment of fees shall submit an affidavit stating all assets. In addition, a prisoner must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Joseph Ervin Posey Sr.

_____

_____

_____

Plaintiff(s)

vs.                                                    Case No: 06-2114

Champaign Park District

_____

_____

_____

_____

Defendant(s)

PRO SE COMPLAINT AGAINST EMPLOYMENT DISCRIMINATION, UNDER TITLE VII
OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §§ 2000e-5

I.      PREVIOUS PROCEEDINGS BEFORE THE EQUAL EMPLOYMENT
        OPPORTUNITIES COMMISSION (EEOC)

        A.  Have you filed a charge before the federal Equal Employment
        Opportunities Commission (EEOC) relating to this claim of employment
        discrimination?

        (X)  YES

        ( )  NO

        B.  If your answer is YES, describe the EEOC proceeding:

            1.  Parties to the previous EEOC proceeding:

                Petitioner (s)  Joseph Ervin Posey Sr.

                _____

                _____

Page 2

Respondent (s)  _Champaign Park District_

_____

_____

2.  Location of EEOC office that handled your charge _U.S. Equal_
_Employment Opportunity Commission Chicago_
_District Office_

3.  Docket or case number of your charge: _____

4.  Disposition (what was the final result of your charge): _____
_The charges were unable to determine_
_whether I was dismissed due to my_
_race._
_____

5.  Has EEOC written you a right-to-sue letter (telling you that you have
the right to sue in a United States District Court if you are dissatisfied
with the disposition of your charge)?

    (X)  YES

    (  )  NO

6.  Date of filing charge before EEOC: _3 - 31 - 06_

7.  Date of disposition by EEOC: _____

C.  Attach copies of all documents you possess relating to
the EEOC proceeding, ESPECIALLY YOUR RIGHT-TO-SUE LETTER.

II.  PREVIOUS LOCAL, STATE OR FEDERAL PROCEEDINGS OTHER THAN EEOC

A.  Have you begun other legal proceedings before state or local courts or agencies, or a
federal court (but NOT the EEOC) relating to your claim of employment discrimination?

        (  )  YES

        (X)  NO

2

Page 3

B.  If your answer is YES, describe each legal proceeding:

    1.  Parties to the previous legal proceeding:
       Plaintiff(s) or petitioner(s) _____

    _____

    _____

       Defendant(s) or respondent(s) _____

    _____

    _____

    2.  Name of court or agency: _____

    _____

    _____

    3.  Docket or case number: _____

    4.  Name of the judge or hearing officer: _____

    _____

    5.  Disposition (for example: Was the case dismissed?
    Who won?  Was there an appeal?  Is the appeal pending
    or final? _____

    _____

    _____

    _____

    _____

    6.  Date of beginning previous proceeding:_____

    7.  Date of disposition of proceeding:_____

<u>NOTE</u>:  If there was more than one previous legal proceeding, excluding an EEOC proceeding, describe them on separate sheets of paper.  Follow the outline above, label the sheets clearly, and attach them to this pro se complaint.

3

Page 4

C.    Have you attached separate sheets regarding previous state, local or federal legal proceedings (other than EEOC)?

( ) YES

( ) NO

III.    PARTIES TO YOUR PRO SE COMPLAINT OF EMPLOYMENT DISCRIMINATION

A.    Plaintiff(s)

1. Your full name Joseph Ervin Posey Sr.

2. Your address 117 E. Roper
Champaign, IL 61820

3. Names and addresses of other plaintiffs, if any (You should name other plaintiffs only if they were petitioners with you in a previous EEOC proceeding, or else if EEOC began a previous proceeding on behalf of you and them): _____

_____

_____

_____

(Use a separate sheet if necessary; label it clearly if so)

B.    Have you attached a separate sheet naming other plaintiffs?

( ) YES

(X) NO

C.    Defendant (s) (You should name here the first-named respondent, or else its successor, in the previous EEOC proceeding brought by you or on your behalf):

1. Full name (individual or firm): Champaign Park District.

4

Page 5

2. Business address: 706 Kenwood Rd,
Champaign, IL, 61820

3. Job position (if individual) _____

_____

4. Status as an entity (if defendant is a business firm):

( ) Corporation

( ) Partnership

( ) Sole Proprietorship

( ) Other _____

(If you do not know this information, and you cannot find out by reasonable means, ask
the defendant for it.  If the defendant will not tell you, leave this section blank.)

5. Names, business addresses, and job position or entity status of other
defendants, if any (you should name additional defendants only if they were
named as respondents in a previous EEOC proceeding brought by you or
on your behalf): _____

_____

_____

_____

(Use a separate sheet if necessary; label it clearly if so)

D.    Have you attached a separate sheet naming other
defendants?

( ) YES

(X) NO

Page 6

IV.    STATEMENT OF YOUR CLAIM OF EMPLOYMENT DISCRIMINATION

A. Were you:
( ) Not hired?
(X) Discharged?
( ) Suspended?
( ) Demoted?
( ) Denied Promotion?
( ) Denied Wage Increases?
( ) Other (please specify) _____

_____

B.    State here as briefly, concisely and clearly as possible the essential facts of your claim.  Take time to organize your statement; you may use numbered paragraphs if you find it helpful.  Include precisely how each defendant in this action is involved.  Include the names of other persons involved who are not defendants; give dates and place.  Concentrate on describing as clearly and simply as possible the employment practice you allege to be illegal, and how it discriminated against you.  IT IS NOT NECESSARY TO MAKE LEGAL ARGUMENTS OR CITE ANY CASES OR STATUTES.  IN MOST CIRCUMSTANCES, THIS ONLY MAKES THE CLAIM OF A LAYMAN MORE DIFFICULT TO UNDERSTAND.  AS MUCH AS POSSIBLE, LET THE FACTS SPEAK FOR THEMSELVES.

At 8a.m. on Aug. 24, 04 Dennis Shiley, Mary Mc Grew and David Schneider witnessed Clint Andrews and I stopping at the Circle K on Neil Street at 8:30a.m to buy a Chicago Tribune. I was approached by someone outside the store. He gave me money to buy alcohol for him. I purchased the alcohol and gave it to the person as I left the store. As Mary Mc Grew was driving to Christie Clinic to get a urine test. Ms Mc Grew stated that as long I did not have any alcohol in my urine I would not lose my job. I did not have any alcohol in my system. I was still discharged.

6

DO NOT FEEL COMPELLED TO USE ALL THE SPACE.

Page 7

V.    RELIEF YOU REQUEST

Check below what you want the court to do for you.  You may make as many checks as you like.

(X) Should you prevail in this lawsuit, award you back pay.

(X) Should you prevail in this lawsuit, reinstate you in your old position.

(X) Should you prevail in this lawsuit, award you certain costs of suit (but not attorneys fees).

(  ) Other _____

_____

_____

_____

Signed this ___6___ day of ___June_____, 20_06.

_Joseph E Posey Sr_____

(Signature of Plaintiff or Plaintiffs)

ADDRESS: _117 E. Roper_____

_Champaign, IL. 61820_

_____

PHONE NO.: _217-355-9311_

7

E-FILED
Tuesday, 06 June, 2006 03:16:15 PM
Clerk, U.S. District Court, ILCD

EEOC Form 5 (5/01)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| | ☐ FEP | |
| | ☒ EEOC | 210-2005-03998 |

Illinois Department Of Human Rights _____ and EEOC

State or local Agency

| Name (Indicate Mr., Ms., Mrs.) | Home Phone No. (Incl Area Code) | Date of Birth |
|---|---|---|
| Mr. Posey, Sr.    Joseph Ervin Posey Sr | (217) 355-9311 | 10-20-54 |

Street Address
**117 East Roper Champaign, IL 61820**                  City, State and ZIP Code

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **CHAMPAIGN PARK DISTRICT** | **Unknown** | (217) 398-2566 |

Street Address
**706 Kenwood Road,  Champaign, IL 61820**                  City, State and ZIP Code

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

Street Address                  City, State and ZIP Code

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **08-24-2004**    Latest **08-24-2004**
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was employed at Respondent in July 2001. I worked as a Landscaper. I was discharged on August 24, 2004.

I believe I have been discriminated against because of my race, Black, in violation of Title VII of the Civil Rights Act of 1964, as amended

APR 1 1 2005

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 04-04-05             Date             Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

EEOC Form 161 (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Joseph E. Posey, Sr.<br>117 East Roper<br>Champaign, IL 61820 | From: | Chicago District Office - 440<br>500 West Madison St<br>Suite 2800<br>Chicago, IL 60661 |
|---|---|---|---|

**CERTIFIED MAIL: 7099 3400 0014 4055 3743**

☐ *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **210-2005-03998** | **Sarronda Harris,**<br>**Investigator** | **(312) 886-9320** |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

On behalf of the Commission

*John P. Rowe ꭱꭰ*                         *March 31, 2006*

Enclosures(s)

**John P. Rowe,**                         *(Date Mailed)*
**District Director**

cc:     **CHAMPAIGN PARK DISTRICT**

EEOC Form 161 (3/98)    **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

# DISMISSAL AND NOTICE OF RIGHTS

| To: | Joseph E. Posey, Sr.<br>117 East Roper<br>Champaign, IL 61820 | From: | Chicago District Office - 440<br>500 West Madison St<br>Suite 2800<br>Chicago, IL 60661 |
|---|---|---|---|

**CERTIFIED MAIL: 7099 3400 0014 4055 3743**

☐ On behalf of person(s) aggrieved whose identity is
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **210-2005-03998** | **Sarronda Harris,**<br>**Investigator** | **(312) 886-9320** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*John P. Rowe RH*                              *March 31, 2006*

Enclosures(s)

**John P. Rowe,**
**District Director**                                      *(Date Mailed)*

cc:    **CHAMPAIGN PARK DISTRICT**



**CHAMPAIGN PARK DISTRICT**

**Discover the fun!**

August 24, 2004

Joseph Posey
117 E. Roper
Champaign, IL 61820

Dear Joe:

This letter is to inform you of your termination from employment with the Champaign Park District effectively immediately.

At 10 a.m. today with Dennis Shiley, Mary McGrew, and myself as witnesses you admitted that you stopped at the Circle K on Neil Street across from the Post Office at approximately 8:30 a.m. to buy a Chicago Tribune. You admit you were approached outside the store by an acquaintance that was "barred out" from the store. The acquaintance gave you some money to purchase alcohol for him. You agree that you purchased the alcohol and gave it directly the person as you left the store. You do not deny that you were in District uniform, on District time, and driving a District vehicle when this incident occurred.

Your actions put you in direct violation of District policy. See Personnel Manual section 8-2, #4 and #14, and Appendix A, Alcohol and Drug Abuse Policy. Therefore, effective today, your employment with the District is terminated.

Sincerely,

David Schneider
Maintenance Supervisor

CC:     Posey Personnel File

---

| Champaign Park District | Park Commissioners | Officers |
|---|---|---|
| 706 Kenwood Road | James A. Barham | Guy C. Hall, *Secretary/Attorney* |
| Champaign, Illinois 61821-4112 | Newton H. Dodds | Gary Wackerlin, *Treasurer* |
| 217.398.2550 Phone | Alvin S. Griggs | Bobbie H. Herakovich, *Executive Director* |
| 217.355.8421 Fax | Joseph A. Petry | |
| www.champaignparkdistrict.com | Morgan C. Powell | |





# CHAMPAIGN PARK DISTRICT

**Discover the fun!**

Champaign Park District
706 Kenwood Road
Champaign, IL 61821-4112

217.398.2550 · Phone
217.355.8421 – Fax
champark@cu-online.com
www.champaignparkdistrict.com

This communication and any files transmitted with it may contain information that is privileged, confidential, and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or use of the information contained herein (including any reliance thereon) is strictly prohibited. If you receive this communication in error, please immediately contact the sender and destroy the material in its entirety, whether in electronic or hard copy format.

# Fax Form

DATE: 1-19-05    TIME: 10:10

TO:

Name: Greg

Company: Unemployment Consultants

Fax: 847-670-0596

FROM: Mary McGrew

TOTAL PAGES (including cover): 15

MESSAGE: Greg - 3 sign offs on policy review. One for each summer he worked with us. Mary

---

If you are dismissed you will receive written notice of the reasons for your dismissal including effective date and time of dismissal. Your supervisor or designee will meet with you, explain the reasons for your dismissal, and offer you the opportunity to respond. You are required to sign the written notice of your dismissal indicating your receipt of the notice and understanding of the reason for the dismissal. If you refuse to sign, another supervisor may be asked to witness your refusal. A copy of the notice will be placed in your personnel file. You may further respond to those charges, if any, through the formal review procedure outlined below.

**8-2    EXAMPLES OF REASONS FOR DISCIPLINARY ACTION**

You may be warned, suspended, and/or dismissed whenever it is determined, in the Park District's sole discretion, to be in its best interests. Nevertheless, listed below are some examples of reasons for disciplinary action. This list, however, does not constitute an exhaustive list of all of the acts that may subject you to disciplinary action including discharge and does not change the employment-at-will relationship between the employee and the Park District. Instead, the following list sets forth some of the more typical cases that arise in the course of an employment relationship. They include but are not limited to:

1.    Failure to adhere to Park District policies and/or procedures including without limitation safety policies, ordinances and procedures.
2.    Absence from duty without permission, habitual tardiness, excessive absenteeism, or misrepresentation of material facts relating to the use of leave.
3.    Extending breaks or lunches and/or not taking breaks or lunches at scheduled times.

Adopted by the Champaign Park District
Board of Commissioner on April 10, 2002
Revision adopted on September 10, 2003

64



4.    Leaving job during working hours without permission.

5.    Failure to obey any lawful official rule, regulation or order, or failure to obey any proper direction made or given by your supervisor(s).

6.    Inability or unwillingness to take orders from supervisor(s).

7.    Uncooperative, hostile or discourteous attitude or conduct toward your supervisor(s), the Board, co-workers or members of the public or threatening or striking any person who is in or on Park District property or participating in Park District activities.

8.    Being wasteful of or the willful destruction of Park District supplies, materials, vehicles, equipment, tools, working time or other Park District property.

9.    Failure to wear uniform or safety equipment (*e.g.*, safety shoes, glasses, goggles and/or face shield) as required by this Manual and/or department manuals, rules and/or procedures or the failure to wear appropriate clothing for duties as required by this Manual or department manual, rules and/or procedures.

10.    Endangering one's safety and/or the safety of others because of failure to act properly and safely in the performance of job duties.

11.    Failure to follow any federal, state, local or Park District law, rule or regulation while on duty or while in or on Park District property or engaging in criminal activity while on duty or while in or on Park District property.

12.    Failing to report an accident or known hazardous conditions to your immediate supervisor.

13.    Gambling or fighting while on duty.

14.    Being under the influence or possession of intoxicants or illegal drugs while on duty or on Park District property or failing to notify the Park District that you are taking legal drugs when such notice is required.

15.    Theft or misappropriation or the careless, negligent or improper use of funds or property belonging to the Park District, fellow employees or the public.

16.    Possession of weapons in or on Park District property or while on duty.

17.    Felony conviction.

18.    Incompetent, inefficient or negligent performance of duties; inability or failure to perform duties properly.

19.    Failure to maintain valid drivers license or other license or certification which may be required for your position or as provided in this Manual.

20.    Smoking in restricted areas.

21.    Harassment of other employees or members of the public.

22.    Dishonesty; lying to Park District personnel or falsifying or providing misleading information on forms, records or reports provided to or on behalf of the Park District including without limitation accident reports, employment applications/resumes, financial reports, reimbursement reports and departmental reports.

23.    Time card or any work record violations.

24.    Unauthorized possession, use or copying of any records that are the property of the Park District.

25.    Sleeping on duty.

26.    Violation of employee policies, rules or guidelines or engaging in any conduct determined by the Park District in its sole discretion not to be in its best interests.

27.    Any violation of policies or procedures regarding the privacy of individualy identifiable health information (or protected health information), as mandated by the Health Insurance Portability and Accountability Act of 1996 (HIPAA) and as defined by the U.S. Department of Health and Human Services, pursuant to regulations thereunder, as amended from time to time.

## 3    REVIEW OF DISCIPLINARY ACTION OTHER THAN DISMISSAL

Adopted by the Champaign Park District
Board of Commissioner on April 10, 2002
Revision adopted on September 10, 2003

3

**WORKPLACE INSPECTIONS**

To safeguard the property and personal safety of our employees and the Park District, the Park District reserves the right to inspect any packages, parcels, purses, handbags, gym bags, briefcases, lunch boxes, or any other possessions or articles carried to and from Park District property by employees and all other persons leaving and entering the Park District's premises.

The Park District reserves the right to inspect an employee's office, desk, files, lockers or other area or article on Park District premises. As noted above, all lockers, offices, desks, telephones, computers, files and so forth, are the property of the Park District and are issued for the use of employees only during their employment with the Park District.

Inspections may be conducted at any time at the discretion of the Park District. From time to time, employees in the performance of their duties will experience a situation where damage will be done to their personal property (i.e., glasses, shirt or blouse), through no fault on their part. In these cases, the District will reimburse the cost of repairs or replacement for the property when it is determined by the Department Head and Director of Finance there was no carelessness or negligence on the part of the employee. The District will not reimburse in those cases where proper procedures were not followed or there was carelessness on the part of the staff member.

Employees working on Park District premises or entering or leaving the premises who refuse to cooperate in an inspection, as well as employees who after the inspection are believed to be in possession of unauthorized Park District property, confidential material, stolen property, weapons, alcohol, or illicit drugs, will be subject to disciplinary action, up to and including discharge.

1-18  **ALCOHOL AND DRUG ABUSE**

The Park District has implemented an Alcohol and Drug Abuse Policy in response to overwhelming evidence that alcohol and drug abuse has a detrimental impact on employees' health, job performance, safety, and efficiency. Since Park District employees operate, supervise and maintain parks, facilities, programs and equipment for use by members of the public and perform services that may have a direct effect on the health and safety of members of the public and fellow employees, the Park District wishes to maximize the health and safety of its patrons and employees.

This policy also expresses the Park District's desire to satisfy the requirements of the federal and state Drug Free Workplace Acts (41 U.S.C.A. § 701 *et seq.* and 30 ILCS 580/1 *et seq.*). In accordance with these statutes and concerns, the Park District has resolved to maintain a drug free workplace.

The purpose of this policy is to inform employees of the Park District's investigation, treatment and disciplinary policy relating to alcohol and drugs. As such, **all** Park District employees will abide by its terms. As with all policies in this Manual, this policy is subject to periodic addition, modification, or deletion.

This policy does not replace any of the provisions or requirements of the Park District's Controlled Substance and Alcohol Testing Policy for positions that require a Commercial Drivers License (CDL). Park District employees who operate Park District commercial motor vehicles and possess a commercial drivers license have special responsibilities necessitated by the fact

Adopted by the Champaign Park District              15
Board of Commissioner on April 10, 2002
Revision adopted on September 10, 2003



that they operate vehicles that require additional skill and attentiveness over that of non-commercial motor vehicles. As part of its continuing commitment to safety and to comply with federal law, the Park District has established a controlled substance and alcohol testing policy for Park District positions that require a commercial drivers license ("CDL Testing Policy – See Appendix B"). Both the Park District and the federal government recognize that it is important to establish programs to help prevent accidents and injuries resulting from the misuse of alcohol or use of controlled substances by drivers of commercial motor vehicles. The CDL Testing Policy is in addition to and supplements and complements rather than supersedes all other Park District policies, rules, procedures, and practices, including without limitation this Alcohol and Drug Abuse Policy. However, for persons to whom the CDL Testing Policy applies, in the event of any conflict between any of the provisions of the CDL Testing Policy and the provisions of any other Park District policy, rule, procedure, or practice, the provisions of the CDL Testing Policy will control.

*Please review the comprehensive Alcohol and Drug Abuse Policy in Appendix A.*

## 1-19   MODIFIED DUTY PROGRAM

The Park District is committed to providing employees with available and reasonable opportunities to maintain career and employment status and benefits, and to maximize the Park District's ability to provide its services offered to the public. To that end, we have developed a Modified Duty Program for employees who have sustained injuries or illnesses arising out of and in the course of their employment with the Park District ("work-related injury").

The purpose of the Modified Duty Program is to provide a temporary modified work assignment, when feasible, available and applicable. The feasibility of modified duty will be determined on a case-by-case basis, taking several factors into consideration, and is the sole discretion of the Park District. These factors include, but are not limited to, the attitude and aptitude of the employee, the specific physical or mental limitations, the essential functions of the temporary job assignment, the work environment and the ability of the Park District to provide accommodation. Modified duty may not be available for certain positions. Noncompliance or failure to cooperate with the Modified Duty Program may affect your workers compensation benefits and result in possible disciplinary action, up to and including dismissal.

*Please see the entire Modified Duty Program in Appendix C.*

Adopted by the Champaign Park District      16
Board of Commissioner on April 10, 2002
Revision adopted on September 10, 2003



**Appendix A**

## ALCOHOL AND DRUG ABUSE POLICY

**PURPOSE**

The Champaign Park District has implemented this policy in response to overwhelming evidence that alcohol and drug abuse has a detrimental impact on employees' health, job performance, safety, and efficiency. Since Park District employees operate, supervise and maintain parks, facilities, programs, and equipment for use by members of the public and perform services that may have a direct effect on the health and safety of members of the public and fellow employees, the Park District wishes to assure the health and safety of its patrons and employees.

This policy also expresses the Park District's desire to satisfy the requirements of the federal and state Drug Free Workplace Acts (41 U.S.C.A. § 701 et seq. and 30 ILCS 580/1 et seq.). In accordance with these statutes and concerns, the Park District has resolved to maintain a drug free workplace.

The purpose of this policy is to inform employees of the Park District's investigation, treatment and disciplinary policy relating to alcohol and drugs. As such, all Park District employees will abide by its terms. As with all policies in this Manual, this policy is subject to periodic addition, modification, or deletion.

This policy does not replace any of the provisions or requirements of the Park District's Controlled Substance and Alcohol Testing Policy for positions that require a Commercial Driver's License (CDL). See Appendix B.

Park District employees who operate Park District commercial motor vehicles and possess a commercial driver's license have special responsibilities necessitated by the fact that they operate vehicles that require additional skill and attentiveness over that of non-commercial motor vehicles. As part of its continuing commitment to safety and to comply with federal law, the Park District has established a controlled substance and alcohol testing policy for Park District positions that require a commercial driver's license ("CDL Testing Policy"). Both the Park District and the federal government recognize that it is important to establish programs to help prevent accidents and injuries resulting from the misuse of alcohol or use of controlled substances by drivers of commercial motor vehicles. The CDL Testing Policy is in addition to and supplements and complements rather than supersedes all other Park District policies, rules, procedures, and practices, including without limitation this Alcohol and Drug Abuse Policy. However, for persons to whom the CDL Testing Policy applies, in the event of any conflict between any of the provisions of the CDL Testing Policy and the provisions of any other Park District policy, rule, procedure, or practice, the provisions of the CDL Testing Policy will control.

**ACTS PROHIBITED**

The unlawful manufacture, distribution, dispensation, possession, or use of a controlled substance, including cannabis and alcohol, is prohibited on Park District Property or while acting on behalf of the Park District.

**DEFINITIONS**

For purposes of this Policy, the following definitions apply:



A

1. **"Alcohol"** means any substance containing any form of alcohol, including but not limited to: ethanol, methanol, propanol and isopropanol.

2. **"Cannabis"** is defined as provided in the Cannabis Control Act (720 ILCS 550/1 *et seq.*) which provisions are specifically incorporated in this Policy by reference.

3. **"Controlled Substance"** means a controlled substance in schedules I through V of section 812 of Title 21 of the United States Code, which provisions are specifically incorporated in this Policy by reference.

4. **"Criminal Drug Statute"** means a criminal statute involving the manufacture, distribution, dispensation, possession, or use of any controlled substance or cannabis.

5. **"Executive Director"** is the Executive Director of Parks and Recreation of the Champaign Park District.

6. **"District Property"** means any building, park, gym, pool, office, common area, open space, vehicle, parking lot, or other area owned, leased, managed, used or controlled by the Park District.  District Property also includes property used by Park District patrons while on Park District sponsored events or field trips or property of others when presence thereon by the Park District employee is related to employment with the Park District.

7. **"Drugs"** mean Legal Drugs and controlled substances, including cannabis.

8. **"Legal Drugs"** mean prescription drugs and over-the-counter drugs which have been obtained legally and are being used in the manner and for the purpose for which they were prescribed or manufactured.

9. **"Medical Facility"** means any physician, laboratory, clinic, hospital, or other similar entity.

10. **"Policy"** means this Alcohol and Drug Abuse Policy of the Champaign Park District.

11. **"Possess"** means to have either in or on an employee's person, personal effects, desk, files, or other similar area.

12. **"Public Safety Responsibility"** means a position in which the nature of an employee's duties is such that impaired perception, reaction time, or judgment may place a member or members of the public or other employees at risk of serious bodily harm, or is responsible for the administration or enforcement of alcohol/drug policies.

13. **"Under the Influence"** means that the employee is affected by alcohol or drugs in any determinable manner. A determination of being under the influence can be established by a professional opinion, a scientifically valid test, a layperson's opinion, or the statement of a witness.

## VOLUNTARY TREATMENT

It is the responsibility of each employee to seek assistance before alcohol or drug problems lead to disciplinary action. The Park District will not discipline an employee who voluntarily seeks treatment for a substance abuse problem if the employee is not in violation of the Park District's drug and alcohol policy or other rules of conduct. Seeking such assistance will not be a defense for violating the Park District's drug and alcohol policy, nor will it excuse or limit the employee's

B 

obligation to meet the Park District's policies, rules of conduct, and standards including, but not limited to, those regarding attendance, job performance, and safe and sober behavior on the job. Employees who suffer from alcohol or drug abuse are encouraged to consult voluntarily with Park District management and undergo appropriate medical treatment. Participation in such treatment will be at the employee's expense, although some of these expenses may be covered under the employee's group health plan. Please see the Human Resources Manager for details. Park District management will attempt to keep such voluntary discussions and medical treatment confidential in accordance with this Policy.

## SCREENING AND TESTING

The Park District may require employees whose job functions require them to operate or maintain vehicles or machinery, handle hazardous or toxic materials or substances of any kind, or have Public Safety Responsibility to be screened or tested on a random basis, or may require **any employee** to be screened or tested following a work place accident involving a possible violation of safety rules, during and after an employee's participation in an alcohol or drug counseling or rehabilitation program, or upon **reasonable suspicion** that the employee is under the influence of alcohol or drugs. The screening or testing will be conducted by a medical facility selected by the Park District at the Park District's expense. The screening or testing may require an analysis of the employee's breath, urine and/or blood or such similar substance as the medical facility may recommend. Employees who undergo alcohol or drug screening or testing will be given the opportunity, prior to the collection of a specimen or other testing, to disclose the use of legal drugs and to explain the circumstance of their use. If an initial test is positive, a second test will be conducted from the same sample. A confirmed positive drug and/or alcohol test may result in disciplinary action, up to and including discharge.

Each Park District employee is required to sign a consent form, a copy of which is included with this Policy, at the time this Policy is distributed to the employee. Prospective employees applying for positions that require a commercial driver's license will be required to sign a consent form prior to taking the pre-employment drug screening. Prospective employees for positions that require a pre-employment physical will be required to sign a consent form prior to taking the pre-employment physical.

Each employee and prospective employee may also be required to sign a separate consent form requested by the Medical Facility conducting the screening or testing. Refusal to sign any requested consent form will result in non-hire or disciplinary action up to and including dismissal, as deemed appropriate by the Park District, in its sole discretion, under the circumstances.

## TREATMENT

If the medical facility recommends treatment, the Park District may, depending on the circumstances as determined in the sole discretion of the Park District, give the employee one opportunity to undergo treatment offered by a clinic or trained professional mutually acceptable to the Park District and employee.

Participation in such treatment will be at the employee's expense. The employee must enter the treatment program within ten (10) days from the time of recommendation of treatment. The Park District may reinstate the employee provided that the employee submits a statement issued by the medical facility certifying successful completion of the treatment program, that the employee is released to return to work, and that the employee agrees to all conditions of reinstatement as determined by the Park District, which may include, but is not limited to, future alcohol and/or drug testing.

C 8

## USE OF LEGAL DRUGS
Any employee who operates or maintains a vehicle or machinery, handles hazardous materials or substances of any kind, or has public safety responsibility and who has taken a legal drug must report the use of such legal drug to their immediate supervisor if the legal drug may cause drowsiness or if it may alter judgment, perception or reaction time. The burden is on the employee to ascertain from the employee's doctor or pharmacist whether or not the legal drug may have such a potential side effect. The information will be retained by the Park District in a confidential manner and will be disclosed only to persons who need to know. The employee's immediate supervisor, after conferring with the department head or Executive Director, will decide whether or not the employee may safely continue to perform the job while using the legal drug. Failure to declare the use of such legal drugs may be cause for discipline up to and including dismissal.

## NOTICE OF CONVICTIONS
Any employee who is convicted of violating any federal or state criminal drug statute must notify the Executive Director within five (5) days of such conviction. For purposes of this notice requirement, a conviction includes a finding of guilt, a no contest plea, and/or an imposition of sentence by any judicial body for any violation of a criminal statute involving the unlawful manufacture, distribution, sale, dispensation, possession or use of any controlled substance or cannabis. Failure to notify the Executive Director may subject the employee to disciplinary action, up to and including dismissal.

## DISCIPLINE/PENALTIES FOR VIOLATION
1.      An employee who reports to work or is found during working hours to be or to have been under the influence of alcohol, controlled substances, or cannabis or who manufactures, possesses, uses, sells or dispenses alcohol, controlled substances, or cannabis while on District property or while acting on behalf of the Park District, is convicted of a drug related crime, causes financial or physical damage to the Park District property, its employees or patrons as the result of alcohol or drug abuse, or fails to report the use of legal drugs in accordance with this Policy, will be disciplined in accordance with the Disciplinary Action Section of the Park District's Personnel Policy Manual. In addition to or in the alternative, depending on the circumstances as determined by the Park District in its sole discretion, the Park District may require the employee to successfully complete an alcohol and/or drug abuse assistance or rehabilitation program approved for such purposes by the Park District and by a federal, state or local health law enforcement or other appropriate agency. An employee who participates in a treatment program will be expected to meet job performance standards and comply with all rules established by the Park District. Participation in a treatment program will not, in itself, protect the employee from disciplinary actions should job performance remain unsatisfactory.

2.      In addition to the examples of misconduct that may subject an employee to disciplinary action contained in this Policy and the Manual, the Park District will discipline an employee up to and including dismissal for the following: (1) if the employee refuses to submit to diagnosis, testing or screening upon request of the Park District; (2) if the employee tampers in any way with the specimen given to the medical facility for purposes of alcohol or drug screening or testing; (3) if the medical facility recommends treatment and the employee refuses to undergo such treatment; (4) if, while undergoing treatment, the employee fails or refuses to follow the course of treatment; (5) if the employee, during the course of or following treatment, is again under the influence of alcohol or drugs in violation of this Policy; or, (6) if the employee fails to

D (9)

notify the Executive Director of a conviction for violating any federal or state Criminal Drug Statute in accordance with the "Notice of Conviction" section of this policy.

## PRE-EMPLOYMENT SCREENING

As a final prerequisite in the Park District's employment selection procedure, persons otherwise offered a full-time, labor intensive position with the Park District will be required to undertake a physical examination which may include a drug and alcohol screening test.

## INSPECTIONS

In order to assure that employees comply with the prohibition on manufacturing, distributing, dispensing, possessing, or using alcohol, controlled substances, or cannabis, employees may be subject to inspection as follows:

1.      Lockers, desks, files, vehicles, equipment and other containers and property owned or leased by the Park District and which an employee is permitted to use during employment with the Park District, are and remain the property of the Park District. Employees are not permitted to keep controlled substances, cannabis or alcohol in or on such property. Any such property reasonably suspected of having or holding such substances is subject to search by the Park District.

2.      Any refusal to submit to such an inspection will be treated as an act of insubordination and may result in disciplinary action, up to and including dismissal.

## RECORDS

The Park District will maintain medical records relating to alcohol or drug abuse, diagnosis, and treatment confidential and in a file separate from the regular personnel files. Access will be limited to those who need to know. The Park District will not disclose these records to persons outside the Park District without the employee's consent unless disclosure of the records is necessary for legal or insurance purposes.

E    (10)

## CONSENT TO DRUG AND/OR ALCOHOL SCREENING OR TESTING

I hereby voluntarily consent to submit to drug and/or alcohol screening or testing by a physician, clinic, laboratory or medical facility chosen by the Champaign Park District ("Park District") at the Park District's expense. I hereby consent to the physician, clinic, laboratory or medical facility taking and analyzing a sample or specimen of my breath, urine, saliva, blood and other similar substance. I also authorize the physician, clinic, laboratory or medical facility to disclose his, her or its findings, conclusions, and opinions regarding the drug and/or alcohol screening or testing to a Park District official or a designated representative.

I hereby further consent to Park District's contacting my physician or pharmacist to verify my reported use of legal drugs in accordance with the Park District's Alcohol and Drug Abuse Policy and authorize my physician or pharmacist to provide all information requested by the Park District regarding my use of such drugs, including without limitation the possible effects of such use on my performance of my job functions.

I also acknowledge receiving, reading and understanding the Park District's Alcohol and Drug Abuse Policy. I understand that, in accordance with this policy, failure to execute this document and submit to drug and/or alcohol screening or testing, or failure to report to the Park District the use of legal drugs as required by the policy, may result in non-hire or disciplinary action, up to and including termination.

Employee Name: _____
(Print)

Employee Signature: _____

Date: _____

Witness Signature: _____

F



**CHAMPAIGN PARK DISTRICT**

**Discover the fun!**

The employee who has signed their name below agrees that he/she has received training on the following Champaign Park District policies:

- **SEXUAL HARASSMENT**
- **DRUG FREE WORKPLACE**
- **BLOODBORNE PATHOGENS**
- **PERSONNEL POLICIES**
- **RIGHT-TO-KNOW**
- **VEHICLE USE**
- **EMERGENCY PROCEDURES**
- **WORKPLACE VIOLENCE**
- **LIFTING SAFETY**
- **STATEMENTS OF ADMISSION**
- **INCIDENT/ACCIDENT REPORTS**
- **SAFETY MANUAL**

He/She agrees that during their training they had an opportunity to ask questions after reviewing each policy with the human resources manager and/or risk manager. In addition, paper copies of each policy were available to each individual to take away and read.

_Joe Posey_                          4/26/04
Signature                             Date

_Joe Posey_
Name (print)

Champaign Park District       | Park Commissioners | Officers
706 Kenwood Road              | James A. Barham    | Guy C. Hall, Secretary/Attorney
Champaign, Illinois 61821-4112| Newton H. Dodds    | Gary Wackerlin, Treasurer
217.398.2550 Phone            | Alvin S. Griggs    | Bobbie H. Herakovich, Executive Director
217.355.8421 Fax             | Joseph A. Petry    |
www.champaignparkdistrict.com | Morgan C. Powell   |

(12)



www.champaignparkdistrict.com

The employee who has signed their name below agrees that he/she has received training on the following Champaign Park District policies:

- **SEXUAL HARASSMENT**
- **DRUG FREE WORKPLACE**
- **BLOODBORNE PATHOGENS**
- **PERSONNEL POLICIES**
- **RIGHT-TO-KNOW**
- **VEHICLE USE**
- **EMERGENCY PROCEDURES**
- **WORKPLACE VIOLENCE**
- **LIFTING SAFETY**
- **STATEMENTS OF ADMISSION**
- **INCIDENT/ACCIDENT REPORTS**

He/She agrees that during their training they had an opportunity to ask questions after reviewing it with the human resources manager and/or risk manager.

_Joseph E. Posey SR_          _7/29/02_
Signature                              Date

_JOSEPH E. POSEY SR_
Name (print)

**Champaign Park District**
706 Kenwood Road
Champaign, Illinois 61821
217.398.2550 Phone
217.355.8421 Fax

**Park Commissioners**
Alvin S. Griggs, *President*
Midge Wallace, *Vice President*
James A. Barham
Newton H. Dodds
Morgan Powell

**Officers**
French L. Fraker, *Secretary-Attorney*
Gary Wackerlin, *Treasurer*
Bobbie H. Herakovich, *General Manager*

(14)

# STATE OF ILLINOIS
## DEPARTMENT OF EMPLOYMENT SECURITY
### APPEALS DIVISION
### DECISION

**APPEAL DOCKET** AR-5000430A                    **LOCAL OFFICE:** 036

**CLAIMANT:**                                    **EMPLOYER:** (APPELLANT)

JOSEPH E. POSEY                                  CHAMPAIGN PARK DISTRICT
117 E. ROPER STREET                              % UNEMPLOYMENT CONSULTANTS
CHAMPAIGN IL 61820                               PO BOX 728
                                                 ARLINGTON HTS IL 61820-0728

| | | | |
|---|---|---|---|
| **SOCIAL SECURITY NUMBER:** | 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 | **DATE OF HEARING:** | 01/24/05 |
| **DATE OF APPEAL:** | 12/29/04 | **PLACE OF HEARING:** | SPRINGFIELD |
| **DATE OF RECONSIDERATION:** | 12/29/04 | **DATE OF MAILING:** | 01-27-05 |

**APPEARANCES/ISSUES/EMPLOYER STATUS:** The claimant and the employer appeared and testified at the hearing. The employer was represented by a service company. The issue is: Was the claimant discharged for misconduct connected with work as defined in Section 602A of the Illinois Unemployment Insurance Act? The employer is a party to this appeal.

**FINDINGS OF FACT:** The claimant worked for the employer for approximately two years. He was terminated for allegedly violating the alcohol/drug policy and rules which, among other things, prohibited employees from purchasing, possessing or consuming alcohol during work hours. The employer received an anonymous call that Claimant was seen purchasing alcohol in a convenience store during work hours. He was wearing a Park District uniform and driving its truck. When questioned by the employer, the claimant admitted that he stopped in the store to use the bathroom and purchase a newspaper but denied that he had purchased any alcohol. After being pressed several times, he stated that he had purchased some beer for an acquaintance of his who was "barred" from the store. A co-worker of the claimant's, who waited in the truck while he went into the store, confirmed that he did not have any alcoholic beverages in his possession when he left the store and got back in the truck. Both employees tested negative for alcohol in their systems. The claimant had not been warned previously about any similar violations of the rules.

**CONCLUSION:** Section 602A of "The Unemployment Insurance Act" provides, in part, that an individual shall be ineligible for benefits for the weeks in which he has been discharged for misconduct connected with his work and, thereafter, until he has become reemployed and has had earnings equal to or in excess of his current weekly benefit amount in each of four calendar weeks. The term "misconduct" means the deliberate and willful violation of a reasonable rule or policy of the employing unit, governing the individual's behavior in performance of his work, provided such violation has harmed the employing unit or other employees or has been repeated by the individual despite a warning or other explicit instruction from the employing unit.

There was insufficient competent evidence to show that the claimant violated the alcohol policy and rules. His testimony concerning why he finally acquiesced and told the employer that he had purchased alcohol was plausible. He was coerced or mislead into admitting that he had done what was alleged. Had the employer presented testimony from someone who actually observed him purchasing alcohol while on duty, a different result on the misconduct issue would have been reached, however, absent such, the claimant's sworn testimony must be accepted as truthful. A referee must make his decision based on competent evidence in the record. Hearsay, while admissible, is not competent evidence, and it alone cannot form the basis for a decision to disqualify a claimant from receiving benefits. *Digest of Adjudication Precedents*, ABR-86-9483(Sept. 29, 1987), and ABR-85-6855(Feb. 26, 1986), MC 190.15. Additionally, the failure of a party to produce testimony or physical evidence within his control to produce creates a presumption that the evidence, if produced, would have been adverse to him. *Beery v. Breed*, 311 Ill.App. 469 (2nd Dist., 1941). Finally, the claimant's testimony was corroborated, at least in part, by

ILLINOIS DEPARTMENT OF HUMAN RIGHTS, 100 W. RANDOLPH ST. #10-100, CHICAGO, IL 60601

**WHAT THE DEPARTMENT CANNOT DO**

♦ DHR cannot investigate unfair employment actions such as: political affiliations, personality conflicts, sexual orientation, etc., unless such actions are alleged to be for one or more of the reasons (types of discrimination) listed above.

♦ DHR cannot investigate unfair union practices unless such claims involve one or more of the types of discrimination described above.

♦ DHR cannot investigate charges against the federal government. Such a charge can only be filed with the EEO office of the agency alleged to have discriminated.

● DHR cannot investigate employers with fewer than 15 employees, unless the type of discrimination is sexual harassment, retaliation, or handicap.

**PLEASE PRINT LEGIBLY.   TODAY'S DATE:** 03-08-05

1. Your Name: (Mr.)/Ms./Mrs.  Joseph Ervin Posey Sr.
   Address  117 East Roper                                   Apt. #  —
   City  Champaign          State  IL          Zip  61820
   Home Phone Number  (217) 355-9311
   Day-Time Phone Number  (217) 390-0425  or  390-1550

2. The names of two persons who can contact you in the event this office is unable to locate you. Make sure their mailing addresses are different from your mailing address. Your charge could be dismissed if you do not provide this information and we are unable to locate you.

   A.   Name: Mr./(Ms.)/Mrs.  Gwendolyn Posey
        Address  1309 North Champaign St          Apt. #  —
        City  Champaign          State  IL          Zip  61820
        Phone Number  (217) 351-7485

   B.   Name: (Mr.)/Ms./Mrs.  Benny Williams
        Address  106 East Roper                              Apt. #  4.
        City  Champaign          State  IL          Zip  61820
        Phone Number  (217) 369-8691

3. Write out the full legal name of the Employer, Union, Employment Agency, etc., (i.e., the Respondent), that you believe discriminated against you in Illinois.
   Name in Full  Champaign Park District
   Illinois Address:  706 Kenwood Road
   City  Champaign          State  IL          Zip  61820
   Phone Number  (217) 398-2564          County  Champaign

4. If you were placed at Respondent by a temporary agency which paid your wages, provide the following information about this company:
   Name in Full:  _____
   Illinois Address:  _____
   City  _____  State  _____  Zip  _____
   Phone Number  ( )  _____  County  _____

ILLINOIS DEPARTMENT OF HUMAN RIGHTS. 100 W. RANDOLPH ST. #10-100. CHICAGO. IL 60601

### ISSUE AND BASIS

8a.   Issue (harm): · _Discharge_                                    Date: _8-24-04_

Basis (type of discrimination): _Racial_

Reason given for harm by Respondent: _Violation of Respirt Policy_

Who gave you this information (name/job title)? _David Schneider_

Explain why you feel you were discriminated against because of the basis identified above. How were others in your situation treated? Include names and job titles.

_Mary McGrew - Human Resource manager stated to_
_me that I would not be discharged if there was no_
_alcohol in my blood system. I took the blood test and it_
_came back .000 on 8-24-04. I feel on this basis she fired_
_due to the fact that I am African - American male._

### ISSUE AND BASIS

8b.   Issue (harm): _____                          Date: _____

Basis (type of discrimination): _____

Reason given for harm by Respondent: _____

Who gave you this information (name/job title)? _____

Explain why you feel you were discriminated against because of the basis identified above. How were others in your situation treated? Include names and job titles.

_____

_____

_____

_____

**Note:**    Use additional pages for any additional issues and bases.

9.   If you wrote **sexual harassment** in your answer to number 8 above, indicate the <u>name</u> and <u>job title</u> of the harasser:

_____

Do you want the harasser charged separately as an additional Respondent?            ___ Yes     ___ No
If yes, give the address and phone number of that person:

_____

10.   If you wrote **physical or mental handicap** in your answer to number 8 above, state your medically diagnosable handicap(s):

_____

Explain how the Respondent became aware of each handicap:

_____

State whether you requested any form of accommodation:

_____

What was the Respondent's response:

_____

If you do not have a handicap, but you believe the Respondent acted because it perceives you as handicapped, explain:

_____

ILLINOIS DEPARTMENT OF HUMAN RIGHTS. 100 W. RANDOLPH ST. #10-100. CHICAGO. IL 60601

| OFFICE USE ONLY | | | |
|---|---|---|---|
| Control Number: | | Date: | Investigator: |
| CIS Complete      Y      N | | #6 15 empl in IL exc sh & hand | Y     N |
| #3 RP in IL      Y      N | | #8 D/H ≤ 180      Y     N | |
| #3 RP not fed      Y      N | | Checked by: | |

5.    A.    Type of Respondent that you believe discriminated against you in Illinois:

       _____ Private Company                    Government Agency (specify):

       _____ Employment Agency            _____ Federal

       _____ Educational Institution       _____ State
                  Public           Private

       _____ Union                       _____ County

                                       [X] City

       B.    What is the nature of the business of the Respondent?

            _____ Retail (specify) _____

            [X] Government (specify) _Park District_

            _____ Manufacturing (specify) _____

            _____ Health Care (specify) _____

            _____ Other (specify) _____

6.    Does the Respondent have a total of 15 or more people working in the State of Illinois? (Consider all locations).
       [✓] Yes                   _____ No

       (approximate total number in IL     ?    )

       Does the Respondent have a total of 15 or more people working in the United States?

       [✓] Yes                   _____ No

7.    Does the Respondent named in question #3 now employ you?

       _____ Yes                   [✓] No

       If you have been employed by the Respondent named in question #3, provide the following information:

       Job Title _Landscaper_        Date Hired _July – 2001_

       Were you on probation? _____ Yes    [X] No

       Present or last salary _$8.50_        Per _Hour_

       Department _Landscape_        Supervisor _Dennis Shirley_

8.    In the spaces below, please indicate each issue (harm) and basis (type of discrimination) which you would like the Department to investigate.    Note: the bases (types of discrimination) which the Department can investigate are listed on the second page of this form. Some common issues (harms) are:

| | | |
|---|---|---|
| Failure to Hire | (Discharge) | Demotion |
| Layoff | Harassment | Failure to Promote |
| Transfer | Unequal Pay | Failure to Recall |
| Other (specify) | Job Eliminated | Warning |
| | Failure to Accommodate | Suspension |
| | (handicap and religion only) | |

       Please take your time and complete **all** the information requested for **each** issue and basis alleged, so that we can serve you better. Fill in a separate section for each issue and basis.

ILLINOIS DEPARTMENT OF HUMAN RIGHTS. 100 W. RANDOLPH ST. #10-100, CHICAGO, IL 60601

11. If you wrote national origin or citizenship status in your answer to number 8 above, do you think the Federal Immigration Reform and Control Act of 1986 influenced your employer's actions? If so, explain:

_____

12. If you wrote retaliation in your answer to number 8 above, state how you opposed unlawful discrimination (i.e., testified at a discrimination hearing, filed a prior discrimination claim, or complained about unlawful discrimination). Include dates, charge numbers, and/or the name or title of the person to whom you complained.

_____
_____
_____
_____

13. If there are witnesses that the Department should contact, who can support your claim of discrimination, state their names, addresses and phone numbers and the pertinent information each witness can provide.

Name: Clinton Andrews

Address: 706 Kenwood Champaign, IL 61821

Phone No. (217) 398-9566

Information: The claimants testimony was corroborated by Clinton.

Name: _____

Address: _____

Phone No. ( ) _____

Information: _____

Name: _____

Address: _____

Phone No. ( ) _____

Information: _____

14. Do you have any documents to support your claim of discrimination?

X Yes        _____ No

15. Have you tried to resolve your situation through a grievance procedure?

X Yes        _____ No        If yes, with whom?    Department of Employment Security Appeals Division

Briefly describe your actions and the results thus far:

During a telephone interview they McGrew stated that I was fired due to the violation. The referee decided it was for reasons other than misconduct.

16. Have you filed a previous charge against this employer with this Department?

_____ Yes        X No        If yes, when? _____

Charge Number _____

17. Have you filed a charge regarding this situation with any other Agency?        _____ Yes    X No

EEOC: _____ Yes    X No        If yes, when? _____

OTHER:    Specify: _____ Yes    X No        If yes, when? _____

18. PERSONAL DATA:

We need some information for statistical purposes. Please provide the following information:

Date of Birth    10 / 28 / 1954        Sex    Male

IDHR Employment Complaint Information Sheet        5

ILLINOIS DEPARTMENT OF HUMAN RIGHTS. 100 W. RANDOLPH ST. #10-100. CHICAGO. IL 60601

Circle the category in the list below of national origin or ancestry with which you most strongly identify:

| | | |
|---|---|---|
| Greece = B | Liberia = R | U.S.A. = U |
| Haiti = T | Mexico = M | Vietnam = V |
| India = N | Middle East = L | Other African/Non-Arab = F |
| Ireland = I | Pakistan = K | Other East Asia = W |
| Italy = Y | Philippines = S | Other Eastern Europe = E |
| Japan = J | Poland = O | Other Hispanic = H |
| Korea = A | Puerto Rico = P | Other = Z* |
| *Specify: | | |

19.   Please specify how you learned of our office. This information will be used to enable us to serve the public better:

I certify that this information is true and correct to the best of my knowledge.

I understand this information sheet is not a charge.

Signature: _____          Date: 3 - 08 - 05

CIS-employment (1/02)

IDHR Employment Complaint Information Sheet        6



**CHRISTIE**

**Breath Alcohol Testing
Consent and Release Form**

*Occupational Health
Services Department*
217.366.1310

CHRISTIE CLINIC ASSOCIATION
Christie on Windsor
1801 West Windsor Road
Champaign, IL 61821
217.366.8000

*To be completed by Breath Alcohol Technician*

Employee name __JOSEPH POSEY__

SS#/Employee ID#__352 - 48 - 8114__

Employer number _____

Employer address __Champaign Park District__
706 Kenwood Rd
Champaign, Ill 61821

*Attn: Karla Shelton*
*398.2550*

*To be completed by Employee*

I certify that I am willingly submitting to breath alcohol testing for the
purposes of complying with my employer's Drug Free Workplace Program.
I consent to the release of these results to my employer only.

__Joseph Posey Sr__ __8/24/04__
Employee signature                                 Date

__C L Holdcraft, RN__ __8/24/04__
Witness signature                                  Date

```
RBT
DATE 08-24-04
TEST NO. 0575
       ID#
35248114
AS IV# 007224
 SCREENING
G/210L   TIME
.000        29
```

*Statement of Breath Alcohol Technician*

I certify that I have conducted breath alcohol testing on the above named
individual in accordance with my certification, and that the results are as
recorded:

Test #__0575__  Test date and time                   Results

011186  __RBT IV__  __08/24/04  11:29 AM__  __.000__

__C L Holdcraft, RN__ __8/24/04__
Breath Alcohol Technician Signature                Date

1. Chart      2. Patient      3. Employer

4919 2/98