E-FILED
Monday, 17 July, 2006 02:07:39 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| JOSEPH E. POSEY, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 06-2114 |
| | ) |
| CHAMPAIGN PARK DISTRICT, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, Champaign Park District ("Defendant" or "District"), by and through its attorneys, hereby sets forth its answer and affirmative defenses to the Complaint filed by Plaintiff, Joseph E. Posey, Sr. ("Plaintiff"), as follows:

I.  Previous proceedings before the Equal Employment Opportunities [sic] Commission (EEOC)

   A.  Have you filed a charge before the federal Equal Employment Opportunities [sic] Commission (EEOC) relating to this claim of employment discrimination?

       (X)   YES

**ANSWER:**

Defendant admits that Plaintiff previously filed a Charge of Discrimination with the EEOC, alleging race discrimination, which the EEOC dismissed.

   B.  If your answer is YES, Describe the EEOC proceeding:

       1.  Parties to the previous EEOC proceeding:

           Petitioner(s)  Joseph Ervin Posey Sr.

           Respondent(s)  Champaign Park District

**ANSWER:**

Defendant admits the parties to Plaintiff's EEOC Charge were Plaintiff and Defendant.

    2.    Location of EEOC office that handled your charge:

    U.S. Equal Employment Opportunity Commission, Chicago District Office.

**ANSWER:**

Defendant admits the allegation contained in Paragraph I.B.2. of the Complaint.

    3.    Docket or case number of your charge:

**ANSWER:**

There is no allegation for Defendant to admit or deny. Answering further, Plaintiff's EEOC Charge Number was 210-2005-03998.

    4.    Disposition (what was the final result of your charge):

    The charges were unable to determine whether I was dismissed due to my race.

**ANSWER:**

Defendant denies the allegation contained in Paragraph I.B.4. of the Complaint. Answering further, the EEOC issued a "Dismissal and Notice of Rights" closing its file on Plaintiff's Charge because, based on its investigation, the EEOC was unable to conclude that the information obtained established violations of the statutes.

    5.    Has EEOC written you a right-to-sue letter (telling you you have the right to sue in a United States District Court if you are dissatisfied with the disposition of your charge)?

    YES (X)

**ANSWER:**

Defendant admits the allegation contained in Paragraph I.B.5. of the Complaint.

      6.    Date of filing charge before EEOC: March 31, 2006.

**ANSWER:**

Defendant denies the allegation contained in Paragraph I.B.6. of the Complaint. Answering further, the copy of Plaintiff's Charge attached to the Complaint contains an EEOC file-stamp of April 11, 2005.

      7.    Date of disposition by EEOC:

**ANSWER:**

There is no allegation for Defendant to admit or deny. Answering further, the EEOC's "Dismissal and Notice of Rights" is dated March 31, 2006.

II.    Previous Local, State Or Federal Proceedings Other Than EEOC

    A.    Have you begun other legal proceedings before state or local courts or agencies, or a federal court (but NOT the EEOC) relating to your claim of employment discrimination?

      No (X)

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief regarding the allegations of Paragraph II.A of the Complaint. Answering further, Defendant has no knowledge of any other pending actions.

III.    Parties To Your Pro Se Complaint Of Employment Discrimination

    A.    Plaintiff(s)

      1.    Your full name: Joseph Ervin Posey Sr.

**ANSWER:**

Defendant admits the allegation contained in Paragraph III.A.1 of the Complaint.

      2.    Your address: 117 East Roper, Champaign, Illinois 61820.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief regarding the allegations of Paragraph III.A.2 of the Complaint.

      3.    Names and addresses of other plaintiffs, if any (you should name other plaintiffs only if they were petitioners with you in a previous EEOC proceeding, or else if EEOC began a previous proceeding on behalf of you and them):

**ANSWER:**

There is no allegation for Defendant to admit or deny.

    B.    Have you attached a separate sheet naming other plaintiffs?

      NO (X)

**ANSWER:**

Defendant admits that Plaintiff has not attached a separate sheet naming other plaintiffs and admits that this action only has one Plaintiff.

    C.    Defendant(s) (You should name here the first-named respondent, or else its successor, in the previous EEOC proceeding brought by you or on your behalf):

      1.    Full name (individual or firm): Champaign Park District.

**ANSWER:**

Defendant admits that it is named as the Defendant in the instant case.

      2.    Business address: 706 Kenwood Road, Champaign, Illinois 61820.

**ANSWER:**

Defendant admits the allegation contained in Paragraph III.C.2. of the Complaint.

  D. Have you attached a separate sheet naming other defendants?

    NO (X)

**ANSWER:**

Defendant admits that Plaintiff has not attached a separate sheet naming other defendants and that it is the only named Defendant in the instant case.

IV. Statement Of Your Claim Of Employment Discrimination

  A. Were you:

    (X) Discharged?

**ANSWER:**

Defendant admits the allegation contained in Paragraph IV.A. of the Complaint.

  B. State here as briefly, concisely and clearly as possible the essential facts of your claim. Take time to organize your statement; you may use numbered paragraphs if you find it helpful. Include precisely how each defendant in this action is involved. Include the names of other persons involved who are not defendants; give dates and place. Concentrate on describing as clearly and simply as possible the employment practice you allege to be illegal, and how it discriminated against you. IT IS NOT NECESSARY TO MAKE LEGAL ARGUMENTS OR CITE ANY CASES OR STATUTES. IN MOST CIRCUMSTANCES, THIS ONLY MAKES THE CLAIM OF A LAYMAN MORE DIFFICULT TO UNDERSTAND. AS MUCH AS POSSIBLE, LET THE FACTS SPEAK FOR THEMSELVES.

    At 8 [indecipherable] a.m. on August 24, 04 [sic], Dennis Shiley, Mary McGrew and David Schneider witnessed Clint Andrews and I [sic] stopping at the Circle K on Neil Street at 8:30 a.m. to buy a Chicago Tribune. I was approached by someone outside the store. He gave me money to buy alcohol for him. I purchased the alcohol and gave it to the person as I left the store. As Mary McGrew was driving to Christie Clinic to get a urine test [sic]. Ms. McGrew stated that as long I did not have any alcohol in my urine I would not lose my job. I did not have any alcohol in my system. I was still discharged.

**ANSWER:**

Defendant admits that the Circle K store is on Neil Street. Defendant denies that Dennis Shiley, Mary McGrew and David Schneider witnessed Clint Andrews and Plaintiff stopping at the Circle K on Neil Street at 8:30 a.m. to buy a Chicago Tribune. Answering further, at a

meeting later that morning on August 24, 2004, Plaintiff told Shiley, McGrew and Schneider that he had stopped at the Circle K to buy a Chicago Tribune. Defendant admits that, at the meeting, Plaintiff told Shiley, McGrew and Schneider that he was approached by someone outside the store. Defendant further admits that, at the meeting, Plaintiff admitted to Shiley, McGrew and Schneider that: the person gave Plaintiff some money to buy alcohol for him; Plaintiff purchased the alcohol; and Plaintiff gave it directly to the person as he left the Circle K. Defendant admits Plaintiff submitted to an alcohol test at Christie Clinic Association. Defendant denies McGrew stated that, as long as Plaintiff did not have alcohol in his urine, he would not lose his job. Defendant admits Plaintiff did not have alcohol in his system. Defendant admits Plaintiff was discharged. Answering further, Plaintiff was discharged because he purchased alcohol when he should have been working and while wearing a uniform that identified him to the public as an employee of Defendant and while driving a vehicle belonging to Defendant, in violation of several District policies.

V.   Relief you request

Check below what you want the court to do for you. You may make as many checks as you like.

(X)   Should you prevail in this lawsuit, award you back pay.

(X)   Should you prevail in this lawsuit, reinstate you in your old position.

(X)   Should you prevail in this lawsuit, award you certain costs of suit (but not attorneys' fees).

**ANSWER:**

Defendant admits that Plaintiff has requested the above-mentioned relief, but it denies that it violated Title VII of the Civil Rights Act of 1964 or any other law and denies that Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

With respect to claims for monetary relief, Defendant is entitled to a set-off from any liability for sums earned by Plaintiff since his termination.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff is obligated to mitigate his alleged damages with respect to claims for monetary relief. Those claims should be barred or, in the alternative, reduced if Plaintiff has failed to mitigate his damages.

Dated: July 17, 2006                                        Respectfully submitted,

                                                                              s/ Gregory R. James, Jr.
Gregory R. James, Jr. (06198667)
Laner, Muchin, Dombrow, Becker,
 Levin and Tominberg, Ltd.
515 North State Street, Suite 2800
Chicago, Illinois 60610
(312) 467-9800
(312) 467-9479 (fax)
gjames@lanermuchin.com
Attorney for Defendant Champaign Park District