UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| JOSEPH E. POSEY, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.:  06-2114 |
| | ) | |
| CHAMPAIGN PARK DISTRICT, | ) | Judge Michael P. McCuskey |
| | ) | Magistrate Judge David G. Bernthal |
| Defendant. | ) | |

**DEFENDANT CHAMPAIGN PARK DISTRICT'S RESPONSE AND OBJECTION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A JURY DEMAND**

Defendant, Champaign Park District ("Defendant" or "Park District"), by its attorneys, respectfully requests that this Court deny Plaintiff's motion for leave to file Plaintiff's jury demand because it is untimely and Plaintiff has waived his right to a jury trial.

Federal Rule of Civil Procedure 38, states in subsection (b), that: "Any party may demand a trial by jury of any issue triable of right by a jury by (1) serving upon the other parties a demand therefore in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to the issue…"  Federal Rule of Civil Procedure 38 further warns, in subsection (d), that: "The failure of a party to serve and file a demand as required by this rule constitutes a waiver by the party of trial by jury."

The "last pleading directed to the issue" means the final pleading which contests an issue subject to jury trial, which generally is an answer to a complaint.  <u>Whirlpool Financial Corp. v. Sevaux</u>, 866 F.Supp. 1102, 1105 (N.D. Ill. 1994).  <u>See</u> also <u>Stewart v. RCA Corp.</u>, 790 F.2d 624, 629 (7th Cir. 1986) ("not later than 10 days after the service of the last pleading directed to the issue" means a plaintiff may request a jury trial anytime before the eleventh day after the

defendant answers the complaint).  The right to a jury trial may be waived -- the failure to assert the right in a timely fashion may surrender it.  <u>Stewart</u>, 790 F.2d at 630.

Here, Plaintiff has waived his right to a jury trial because he failed to demand a jury trial in his Complaint and further failed to demand a jury trial within ten days of service of Defendant's Answer.  Plaintiff first requested a jury trial on August 29, 2006, well after Defendant filed its Answer on July 17, 2006.  Although Plaintiff is proceeding *pro se*, the Court still should require Plaintiff to follow the procedural rules.  Plaintiff has waived his right to a jury trial since his jury demand was untimely.  Defendant, Champaign Park District, therefore respectfully requests that the Court deny Plaintiff's motion for leave to file a jury demand at this late date.

Dated:  September 12, 2006               Respectfully submitted,

<div style="margin-left:3em">

s/ Gregory R. James, Jr.
Gregory R. James, Jr. (06198667)
Laner, Muchin, Dombrow, Becker,
 Levin and Tominberg, Ltd.
515 North State Street, Suite 2800
Chicago, Illinois 60610
(312) 467-9800
(312) 467-9479 (fax)
gjames@lanermuchin.com
Attorney for Defendant Champaign Park District

</div>

## CERTIFICATE OF SERVICE

Gregory R. James, Jr., an attorney, hereby certifies that he caused the **Response to Plaintiff's Motion for Leave to File a Jury Demand** in the above-captioned matter to be electronically filed with the Court and to be served on the *pro se* party of record listed below by First Class Mail, postage prepaid, before the hour of 5:00 p.m. on this 12th day of September, 2006, addressed to:

>Mr. Joseph E. Posey, Sr.
>117 East Roper
>Champaign, IL  61820

>s/ Gregory R. James, Jr.
>Gregory R. James, Jr. (06198667)
>Laner, Muchin, Dombrow, Becker,
>   Levin & Tominberg, Ltd.
>515 North State Street, Suite 2800
>Chicago, IL  60610
>(312) 467-9800
>(312) 467-9479 (fax)
>gjames@lanermuchin.com
>Attorney for Defendant