E-FILED
Friday, 01 June, 2007  03:57:32 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| JOSEPH E. POSEY, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 06-2114 |
| ) | |
| CHAMPAIGN PARK DISTRICT, ) | Judge Michael P. McCuskey |
| ) | Magistrate Judge David G. Bernthal |
| Defendant. ) | |

**DEFENDANT CHAMPAIGN PARK DISTRICT'S RESPONSE
TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND PLAINTIFF'S SUPPORTING MEMORANDUM**

**I.     INTRODUCTION**

Defendant, Champaign Park District ("Defendant" or "Park District), established in its Motion for Summary Judgment and supporting evidentiary materials that Plaintiff, Joseph E. Posey, Sr. ("Plaintiff"), could not prove that the Park District terminated him because of his race (African-American) and that the Park District was entitled to judgment as a matter of law. Thus, Defendant respectfully requested that the Court grant summary judgment in its favor on Plaintiff's race discrimination claim.

At the initial scheduling conference for this case, the Court clearly and unequivocally explained to Plaintiff that he was required to follow the schedule set by the Court and the Federal and Local rules.

Plaintiff has failed to follow this Court's instructions and the Federal and Local rules.

Specifically, Defendant filed its Motion for Summary Judgment on April 16, 2007, including Defendant's Undisputed Material Facts. Plaintiff has failed to ever file a response to the Park District's Motion for Summary Judgment in accordance with the Rule 56 Notice the Court sent to Plaintiff. (Entry #18 on the Court's Docket Sheet.) Instead of filing a response to

Defendant's Motion for Summary Judgment, Plaintiff filed his own Motion for Summary Judgment on May 7, 2007, twenty-one days <u>after</u> the filing deadline (April 16, 2007) for case dispositive motions as ordered by the Court.

As a result, based on Plaintiff's failure to file a response to Defendant's Motion for Summary Judgment, the Court should: (1) deem admitted the undisputed facts submitted by Defendant in its Motion for Summary Judgment; and (2) rule upon Defendant's Motion for Summary Judgment.

Further, Plaintiff's Motion for Summary Judgment should be stricken because it was not timely filed and Plaintiff never sought leave for additional time to file: (1) a response to Defendant's Motion for Summary Judgment (and no response has ever been filed); or (2) his own separate and untimely Motion for Summary Judgment. (Defendant has also filed a separate Motion to Strike and for ruling upon Defendant's Motion for Summary Judgment.)

However, even if the Court considers Plaintiff's Motion for Summary Judgment, as demonstrated below, Plaintiff's Motion for Summary Judgment and the alleged "undisputed material facts" contained in Plaintiff's Motion do not entitle Plaintiff to summary judgment. In addition, Plaintiff's Motion for Summary Judgment fails to controvert <u>any</u> of the undisputed material facts set forth by the Park District in its Motion for Summary Judgment. Consequently, this Court should enter summary judgment in favor of the Park District.

II.     **RESPONSE TO UNDISPUTED MATERIAL FACTS**

Per Local Rule 7.1, the Park District responds to Plaintiff's "undisputed material facts" in separate subsections entitled "Undisputed Material Facts," "Disputed Material Facts" and "Immaterial Material Facts," as follows:

A.  **Undisputed Material Facts**

1. The Plaintiff was hired to work at Champaign Park District as a Seasonal Landscaper, meaning a member o [sic] the Trash Collection Crew. (Posey Dep. Tr. 10-13. A copy of the transcript of the deposition of Joseph E. Posey Sr. is attached to this Memorandum as Exhibit B.)

**RESPONSE:** Admit. (See Defendant's Undisputed Material Fact ¶2.)

2. The Trash Collection Crew is responsible for ensuring the effective maintenance and appearance of the Park District [sic] parks by performing litter pickup and custodial care [sic] (Posey Dep. Tr. 13.)

**RESPONSE:** Admit. (See Defendant's Undisputed Material Fact ¶3.)

4. Plaintiff's lawsuit against the District claims that he was terminated because of his race (African-American). (Posey Dep. Tr. 13, 23; Posey Dep. Exh. 1, p.6.)

**RESPONSE:** Admit. (However, Defendant denies discriminating against Plaintiff based on his race.) (See Defendant's Undisputed Material Fact ¶5.)

7. On August 24, 2004, Plaintiff's shift began at 7:30 a.m., and his first scheduled break was at 10:00 a.m. (Posey Dep. Tr. 8, Dep. Exh 1, p.5.)

**RESPONSE:** Admit. (See Defendant's Undisputed Material Fact ¶6.)

8. According to the Park District, a phone call was received from a woman who said she saw an individual in a Park District uniform purchasing alcohol at Circle K convenience store at approximately 8:30 a.m. that morning. (McGrew Aff. No. 6.)

**RESPONSE:** Admit. (See Defendant's Undisputed Material Fact ¶7.)

9. The Circle K store is located approximately two blocks from one of the facilities where Plaintiff and his co-worker, Clinton Andrews ("Andrew") [sic], also African-American, were scheduled to perform trash removal. (Posey Dep. Tr. 23.)

**RESPONSE:** Admit. (See Defendant's Undisputed Material Fact ¶9.)

10.     As a result, at about 9:30 a.m., the Park District radioed for Plaintiff and Andrews to come to the Park District's offices (Posey Dep. Tr. 24.).

**RESPONSE:** Admit. (See Defendant's Undisputed Material Fact ¶10.)

11.     When Plaintiff arrived at the Park District's offices, Plaintiff and Andrews met with David Schneider, Maintenance Supervisor and acting department head, Mary McGrew, Park District's Human Resources Manager, and Dennis Shiley, Plaintiff's and Andrews' immediate supervisor. (Posey Dep. Tr. 25.)

**RESPONSE:** Admit. (See Defendant's Undisputed Material Fact ¶11.)

12.     Plaintiff told the Park District at the meeting that [sic] and admitted in his Complaint that he stopped the garbage truck he was driving (which contained markings that identified the vehicle as belongings [sic] to the Park District) at the Circle K at approximately 8:30 a.m. (Posey Dep. Tr. 14-16; Posey Dep. Exh. 1 p. 4.)

**RESPONSE:** Admit. (See (Defendant's Undisputed Material Fact ¶13.)

13.     This was during Plaintiff's work time. (Posey Dep. Tr. 13-14, 22.)

**RESPONSE:** Admit. (See Defendant's Undisputed Material Fact ¶14.)

B.      **Disputed Material Facts**

None.

C.      **Immaterial Facts**

3.      Plaintiff was terminated on August 24, 2004, because he was coerce [sic] into admitting that Plaintiff purchased alcohol while in a Park District uniform, on Park District time and driving a Park District vehicle with a Park District logo on both sides and municipal license plates on the front and back of the vehicle. (Posey Dep. Tr. 13, 59 Dep. Exh. 1, p.6). A copy of Posey Deposition Exhibit 1 is attached to this Memorandum as Exhibit C.)

4

**RESPONSE:** Defendant admits that Plaintiff was terminated on August 24, 2004 because he purchased alcohol while in a Park District uniform, on Park District time, and while driving an identifiable Park District vehicle (misconduct in which Plaintiff admitted engaging). (See Defendant's Undisputed Material Fact ¶¶4, 16.)  Defendant admits only that Plaintiff claimed at his deposition that he was "coerced" into admitting that he purchased the alcohol, but Defendant denies that Plaintiff was "coerced."  There is no admissible evidence in the record that Plaintiff was "coerced" into admitting that he purchased the alcohol.  Plaintiff's testimony that McGrew asked him three or four times if he bought the alcohol and did not seem to believe his denials does not prove that Plaintiff was forced or "coerced" into admitting that he purchased the alcohol.  (See Exh. B to Defendant's Motion for Summary Judgment, Tr. 19-20, 31, 34.)  Such testimony also does not create a genuine issue of material fact that he was discriminated against based on his race.  Regardless of whether Plaintiff claims he was "coerced," he nevertheless still admitted to purchasing the alcohol and being in possession of the alcohol on work time.  (See Defendant's Undisputed Material Facts ¶¶13-14, 16.)

5.    Plaintiff's lawsuit against the District claims that Mary McGrew who was acting as the Park District [sic] agent stated that Plaintiff will be able to keep his employment as long as there is no alcohol is [sic] in the Plaintiff's urine. (Posey Dep. Tr. 11 – 17 Dep. Exh 1, p.6)

**RESPONSE:** Defendant admits that Ms. McGrew is an agent of the Park District. (See Exh. A to Defendant's Motion for Summary Judgment, ¶1.) Defendant admits only that Plaintiff claimed in his Complaint that Ms. McGrew told Plaintiff that he could keep his job if his drug and alcohol test was negative, but Defendant denies that Ms. McGrew made such a statement. (See Exh. A to Defendant's Motion for Summary Judgment, ¶¶5, 23.)  In any event, whether or not Ms. McGrew told Plaintiff that he could keep his job if he passed the drug and alcohol test is

5

immaterial because it does not prove, or even indicate, that the Park District terminated Plaintiff because of his race. The undisputed material facts presented by Defendant prove that Defendant discharged Plaintiff for legitimate reasons because he purchased alcohol while in a Park District uniform, on Park District time, and while driving an identifiable Park District vehicle (misconduct in which Plaintiff admitted engaging). (See e.g., Defendant's Undisputed Material Facts ¶¶4, 16.)

6.    Plaintiff's lawsuit against the District claims that Mary McGrew (acting as an agent for the Park District) had coerce [sic] Plaintiff into admitting that he did in fact buy alcohol [sic] (Posey Dep. Tr. 1-3, Dep. Exh. 1, p.6.)

**RESPONSE:** Defendant admits that Mary McGrew is an agent for the Park District and that Plaintiff admitted to purchasing the alcohol. (See Defendant's Undisputed Material Fact ¶16) Defendant admits that Plaintiff claimed at his deposition that Ms. McGrew coerced him into admitting that he bought the alcohol. Defendant denies that Ms. McGrew in fact coerced Plaintiff. There is no admissible evidence in the record that Plaintiff was "coerced" into admitting that he purchased the alcohol. Plaintiff's testimony that McGrew asked him three or four times if he bought the alcohol and did not seem to believe his denials does not prove that Plaintiff was forced or "coerced" into admitting that he purchased the alcohol. (See Exh. B to Defendant's Motion for Summary Judgment, Tr. 19-20, 31, 34.) Such testimony also does not create a genuine issue of material fact that he was discriminated against based on his race. Regardless of whether Plaintiff claims he was "coerced," he nevertheless still admitted to purchasing the alcohol and being in possession of the alcohol on work time. (See Defendant's Undisputed Material Facts ¶¶13-14, 16.)

14.     The Plaintiff stop [sic] at Circle K to use the restroom (Posey Dep. Tr. 13-14; Posey Dep. Exh. 1 p.6.).

**RESPONSE:** Defendant admits that Plaintiff claimed that he stopped at the Circle K to use the bathroom, but Defendant denies having any personal knowledge of whether Plaintiff actually used the bathroom. Plaintiff's "Undisputed Material Fact" ¶14 is immaterial because it does not matter why Plaintiff actually stopped at the Circle K store. Regardless of the reason Plaintiff now claims he actually stopped there, it is undisputed that Plaintiff stopped at the Circle K during work time when he should have been working and told the Park District that he purchased the alcohol while he was supposed to be on duty. (See e.g., Defendant's Undisputed Material Facts ¶¶6, 13, 14, 16.)

15.     Plaintiff admitted that he admitted to buying alcohol after he was coerce [sic] by Mary McGrew (Park District acting agent [sic]. (Posey Dep. Tr. 1-3; Posey Dep. Exh. 1. p.6.)

**RESPONSE:** Defendant admits only that Plaintiff admitted to buying the alcohol and that Ms. McGrew is an agent of the Park District. (See Defendant's Undisputed Material Fact ¶16; Exh. A to Defendant's Motion for Summary Judgment, ¶1.) Defendant admits that Plaintiff was terminated on August 24, 2004 because he purchased alcohol while in a Park District uniform, on Park District time, and while driving an identifiable Park District vehicle (misconduct in which Plaintiff admitted engaging). (See Defendant's Undisputed Material Fact ¶¶4, 16.) Defendant admits that Plaintiff claimed at his deposition that he was "coerced" into admitting that he purchased the alcohol, but Defendant denies that Plaintiff was so "coerced." There is no admissible evidence in the record that Plaintiff was "coerced" into admitting that he purchased the alcohol. Plaintiff's testimony that McGrew asked him three or four times if he bought the alcohol and did not seem to believe his denials does not prove that Plaintiff was

7

forced or "coerced" into admitting that he purchased the alcohol. (See Exh. B to Defendant's Motion for Summary Judgment, Tr. 19-20, 31, 34.) Such testimony also does not create a genuine issue of material fact that he was discriminated against based on his race. Regardless of whether Plaintiff claims he was "coerced," he nevertheless still admitted to purchasing the alcohol and being in possession of the alcohol on work time. (See Defendant's Undisputed Material Facts ¶¶13-14, 16.)

### III.    ARGUMENT

Plaintiff's Motion for Summary Judgment fails to assert any legal argument in support of his claim that he is entitled to judgment as a matter of law, other than conclusory allegations. See Drake v. Minnesota Mining & Manufacturing Co., 134 F.3d 878, 887 (7th Cir. 1998) (conclusory allegations should be disregarded in ruling upon a motion for summary judgment).

Defendant denies that Plaintiff was told that he would retain his job if he passed the drug test, but whether or not Ms. McGrew told Plaintiff he could keep his job, Plaintiff still cannot prove race discrimination. Even if McGrew had made any statement to Plaintiff regarding padding urinalysis this is not evidence, direct or circumstantial, that Defendant terminated because he is African-American. Likewise, Plaintiff has failed to point to any similarly situated, non-African-American employee directly comparable to him in all material respects who was treated more favorably, e.g., an employee who was allowed to keep his or her job after admitting to the possession of drugs or alcohol (i.e., purchasing alcohol) on work time and using a Park District vehicle and who subsequently passed a drug and alcohol test. Patterson v. Avery

8

Denison Corp., 281 F.3d 676, 680 (7th Cir. 2002).  Thus, Plaintiff cannot prove race discrimination and is not entitled to summary judgment.[1]

As a result of Plaintiff's failure to respond to Defendant's Motion for Summary Judgment, he has admitted the Undisputed Material Facts contained in Defendant's Motion, including:

> (1) Plaintiff told the Park District at the meeting and admitted in his Complaint that he stopped the garbage truck he was driving (which contained markings that identified the vehicle as belonging to the Park District) at the Circle K at approximately 8:30 a.m. (Undisputed Material Fact ¶13);
>
> (2) This was during Plaintiff's work time (Undisputed Material Fact ¶14);
>
> (3) Plaintiff admitted both at that meeting and in the Complaint that he bought alcohol for an acquaintance who was not allowed to enter the Circle K (Undisputed Material Fact ¶16);
>
> (4) Plaintiff's actions directly violated several Park District policies (Undisputed Material Fact ¶19);
>
> (5) Based on Plaintiff's conduct which violated the above-mentioned policies and rules and which hurt the Park District's image in the eyes of the public, Schneider made the decision to terminate Plaintiff after consulting with McGrew and Shiley (Undisputed Material Fact ¶25);
>
> (6) Plaintiff testified at his deposition that he did not know of any Park District employees who bought alcohol on Park District time and were not fired (Undisputed Material Fact ¶30); and
>
> (7) Only several months after Plaintiff was discharged, the Park District terminated Bill Staley (white) on January 24, 2005 for the repeated failure to perform his job properly (Undisputed Material Fact ¶32).

The Court should grant summary judgment to Defendant for all of the reasons stated in Defendant's Motion for Summary Judgment and supporting evidentiary materials.  In sum, the undisputed material facts presented by Defendant prove that Plaintiff admitted to the very same

---

[1] Plaintiff's claim also does not make sense because he was discharged for possession of alcohol, not for drinking the alcohol or the presence of alcohol in his system.  Thus, passing the test does not change the fact that Plaintiff admitted he was in possession of alcohol during work time in violation of the Park District's rules.

misconduct which caused his termination. Plaintiff purchased alcohol on work time and while wearing a uniform that identified him as a representative of the Park District, in violation of several Park District policies (conduct in which Plaintiff admitted engaging). Also, Plaintiff has failed to name a single non-African-American employee whom the Park District honestly believed had purchased alcohol on work time and was not terminated. In fact, the undisputed material facts presented by Defendant show that the Park District terminated a non-African-American employee for serious misconduct shortly after it terminated Plaintiff. Simply stated, in this case, there is no evidence of discrimination or pretext, and summary judgment is warranted.

Wherefore, for all of these reasons and for the reasons stated in Defendant's Motion for Summary Judgment and supporting evidentiary materials, the Court should grant Defendant's Motion for Summary Judgment, deny Plaintiff's Motion for Summary Judgment and enter judgment in Defendant's favor.

Dated: June 1, 2007                                        Respectfully submitted,

                                                           s/ Gregory R. James, Jr.
                                                           Gregory R. James, Jr. (06198667)
                                                           Joshua A. Dombrow (06255857)
                                                           Laner, Muchin, Dombrow, Becker,
                                                             Levin and Tominberg, Ltd.
                                                           515 North State Street, Suite 2800
                                                           Chicago, Illinois 60610
                                                           (312) 467-9800
                                                           (312) 467-9479 (fax)
                                                           gjames@lanermuchin.com
                                                           Attorneys for Defendant Champaign Park
                                                           District

## CERTIFICATE OF SERVICE

Gregory R. James, Jr., an attorney, hereby certifies that he caused **Defendant Champaign Park District's Response to Plaintiff's Motion for Summary Judgment and Plaintiff's Supporting Memorandum** in the above-captioned matter to be filed with the Court through application of the Court's electronic filing system and that he caused the above-mentioned documents to be served on the party listed below, by placing same in the U.S. Mail located at 515 North State Street, Suite 2800, Chicago, Illinois 60610, postage prepaid, before the hour of 5:00 p.m. on this 1st day of June, 2007, addressed to:

>Mr. Joseph E. Posey, Sr.
>117 East Roper
>Champaign, Illinois  61820

>s/ Gregory R. James, Jr.
>Gregory R. James, Jr.