E-FILED
Thursday, 14 June, 2007   03:49:03 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| JOSEPH E. POSEY, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 06-2114 |
| | ) |
| CHAMPAIGN PARK DISTRICT, | ) Judge Michael P. McCluskey |
| | ) Magistrate Judge David Bernthal |
| Defendant. | ) |

**DEFENDANT CHAMPAIGN PARK DISTRICT'S AMENDED MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT[1]**

**I.    INTRODUCTION**

The issue in this case is whether Plaintiff, Joseph E. Posey, Sr. ("Plaintiff"), a former employee of the Champaign Park District ("Defendant" or "Park District"), can prove that the Park District terminated him because of his race (African-American), when Plaintiff admitted to the Park District that he had purchased alcohol on work time, which violated the Park District's work rules, and Plaintiff failed to name a single non-African-American employee whom the Park District honestly believed had purchased alcohol on work time and was not terminated, and, in fact, the Park District terminated a non-African-American employee for serious misconduct shortly after it terminated Plaintiff.

For the reasons set forth below, Plaintiff cannot prove race discrimination through the direct or indirect methods of proof, and the District is entitled to judgment as a matter of law.

---

[1] In Responding to Plaintiff's Cross-Motion for Summary Judgment and reviewing the electronic filings in this case, Defendant's counsel noted that, apparently due to a technological "glitch" the document filed with the Court did not include paragraph numbers for Defendant's Statement of Facts. Consequently, Defendant has again numbered the paragraphs and is re-filing this document with the Court. (Exhibits have not been re-filed and are the same as previously filed)

## II. UNDISPUTED MATERIAL FACTS

### A. Background

1. The Park District is a unit of local government which provides numerous high-quality recreational opportunities to the public. (McGrew Aff. at ¶3. A copy of Mary McGrew's Affidavit with supporting Exhibits is attached to this Memorandum as Exhibit A.)

2. Plaintiff worked for the Park District as a Seasonal Landscaper, meaning a member of the Trash Collection Crew. (Posey Dep. Tr. 10-13. A copy of the transcript of the deposition of Joseph E. Posey, Sr. is attached to this Memorandum as Exhibit B.)

3. The Trash Collection Crew is responsible for ensuring the effective maintenance and appearance of the Park District's parks by performing litter pickup and custodial care. (Posey Dep. Tr. 13; McGrew Aff. at ¶4.)

4. Plaintiff was terminated on August 24, 2004 because he admitted -- and the Park District honestly believed -- that Plaintiff purchased alcohol while in a Park District uniform, on Park District time and driving a Park District vehicle with a Park District logo on both sides and municipal license plates on the front and back of the vehicle. (Posey Dep. Tr. 13, 59; Posey Dep. Exh. 1, p. 6; McGrew Aff. at ¶5. A copy of Posey Deposition Exhibit 1 is attached to this Memorandum as Exhibit C.)

5. Plaintiff's lawsuit against the District claims that he was terminated because of his race (African-American). (Posey Dep. Tr. 13, 23; Posey Dep. Exh. 1, p. 6.)

### B. The Circumstances Leading To Plaintiff's Termination

6. On August 24, 2004, Plaintiff's shift began at 7:30 a.m., and his first scheduled break was at 10:00 a.m. (Posey Dep. Tr. 13-14.)

7. That day, the Park District received a phone call from a woman who said she saw an individual in a Park District uniform purchase alcohol at a Circle K convenience store at approximately 8:30 a.m. that morning. (McGrew Aff. at ¶6.)

8. The woman said she called because it bothered her that a Park District employee had bought liquor so early in the morning. (McGrew Aff. at ¶7.)

9. The Circle K store is located approximately two blocks from one of the facilities where Plaintiff and his co-worker, Clinton Andrews ("Andrews"), also African-American, were scheduled to perform trash removal. (Posey Dep. Tr. 23; McGrew Aff. at ¶8.)

10. As a result, at about 9:30 a.m., the Park District radioed for Plaintiff and Andrews to come to the Park District's offices. (Posey Dep. Tr. 24; McGrew Aff. at ¶9.)

11. When they arrived at the Park District's offices, Plaintiff and Andrews met with David Schneider, Maintenance Supervisor and acting department head, Mary McGrew, the Park District's Human Resources Manager, and Dennis Shiley, Plaintiff's and Andrews' immediate supervisor. (Posey Dep. Tr. 25; Posey Dep. Exh. 1, p. 6; McGrew Aff. at ¶10.)

12. Schneider was an acting department head on August 24, 2004 because Plaintiff's regular department head was on vacation. (McGrew Aff. at ¶11.)

13. Plaintiff told the Park District at the meeting and admitted in his Complaint that he stopped the garbage truck he was driving (which contained markings that identified the vehicle as belonging to the Park District) at the Circle K at approximately 8:30 a.m. (Posey Dep. Tr. 14-16; Posey Dep. Exh. 1, p. 4; McGrew Aff. at ¶12.)

14. This was during Plaintiff's work time. (Posey Dep. Tr. 13-14, 22.)

15. Plaintiff told the Park District at the meeting and admitted in his Complaint that he was approached by someone outside the store who gave him money to buy alcohol. (Posey Dep. Tr. 20; Posey Dep. Exh. 1, p. 4; McGrew Aff. at ¶13.)

16. Plaintiff admitted both at that meeting and in the Complaint that he bought alcohol for an acquaintance who was not allowed to enter the Circle K.[2] (Posey Dep. Tr. 25; Posey Dep. Exh. 1, p. 6; McGrew Aff. at ¶14.)

17. Plaintiff also admitted both at that meeting and in his Complaint that he gave the alcohol to the individual once he exited the store. (Posey Dep. Tr. 25-26; Posey Dep. Exh. 1, p. 6; McGrew Aff. at ¶15.)

18. Andrews, who stayed in the vehicle, corroborated the fact that Plaintiff exited the Circle K store and gave a paper bag to the individual sitting outside of the store. (Posey Dep. Tr. 15-16; McGrew Aff. at ¶16.)

### C. The Policies Which Plaintiff's Conduct Violated

19. Plaintiff's actions directly violated several Park District policies. (McGrew Aff. at ¶17.)

20. The Park District's Personnel Manual, which Plaintiff received, requires employees to act and conduct themselves at all times in the best interests of the Park District. (Posey Dep. Tr. 35; Posey Dep. Exhs. 2-3; McGrew Aff. at ¶18. Copies of Posey Deposition Exhibits 2 and 3 are attached to this Memorandum as Exhibits D and E, respectively.)

---

[2] At his deposition, Plaintiff claimed he only admitted buying the alcohol when McGrew asked him three or four times and did not seem to believe his denials. (See e.g., Posey Dep. Tr. 19-20, 31, 34.) However, this testimony contradicted the assertions he made in his Complaint. (Posey Dep. Exh. 1, p. 6.) Moreover, Plaintiff stated at his deposition that he admitted on subsequent applications for employment that he was fired from the Park District for buying alcohol on the job. (Posey Dep. Tr. 61.)

4

21. The Manual states in several separate places that possession of alcohol during work time is prohibited. (McGrew Aff. at ¶19; Posey Dep. Tr. 35-36; Posey Dep. Exh. 4, p. 51, Exh. 5, p. 59, Exh. 6, pp. A, D, and Exh. 7, Rule 14. Copies of Posey Deposition Exhibits 4, 5, 6, and 7 are attached to this Memorandum as Exhibits F, G, H, and I, respectively.)

22. For example, the Alcohol and Drug Abuse policy states, "The unlawful manufacture, distribution, dispensation, <u>possession</u>, or use of a controlled substance, including cannabis and <u>alcohol</u>, is prohibited on Park District property or while acting on behalf of the Park District." (Emphasis added) (Posey Dep. Exh. 6, p. A; McGrew Aff. at ¶20.)

23. The Manual's work rules further warn that employees may be terminated if they possess intoxicants while on duty or on Park District property. (Posey Dep. Exh. 7, Rule 14; McGrew Aff. at ¶21.)

24. Additionally, the rules notify employees that they may be terminated for leaving the job during working hours without permission. (Posey Dep. Exh. 7, Rule 4; McGrew Aff. at ¶22.)

25. Based on Plaintiff's conduct which violated the above-mentioned policies and rules and which hurt the Park District's image in the eyes of the public, Schneider made the decision to terminate Plaintiff after consulting with McGrew and Shiley. (Posey Dep. Tr. 40; Posey Dep. Exh. 1, p. 6; Posey Dep. Exh. 8; McGrew Aff. at ¶23. A copy of Posey Deposition Exhibit 8 is attached to this Memorandum as Exhibit J.)

26. Shiley is also the individual who hired Plaintiff. (Posey Dep. Tr. 12; McGrew Aff. at ¶24.)

27. When informed of his termination, Plaintiff did <u>not</u> complain to anyone in management that the decision was based on his race, despite the Park District's Equal

Employment Opportunity policy, which prohibits discrimination based on race and provides for a complaint mechanism.[3]  (McGrew Aff. at ¶26; McGrew Aff., Exh. 1.)

28. Further, although McGrew informed Plaintiff of the appeal procedure contained in the Personnel Manual to contest his discharge, Plaintiff failed to request such a review. (Posey Dep. Tr. 42-43; Posey Dep. Exh. 9; McGrew Aff. at ¶27.  A copy of Posey Deposition Exhibit 9 is attached to this Memorandum as Exhibit K.)

### D. The Park District Terminated A White Employee Following Plaintiff's Termination

29. There is no documented evidence of any employee caught purchasing alcohol on work time before.  (McGrew Aff. at ¶28.)

30. Plaintiff testified at his deposition that he did not know of any Park District employees who bought alcohol on Park District time and were not fired.  (Posey Dep. Tr. 54.)

31. It is clear that the Park District treated the Plaintiff the same way it treats all employees who commit serious misconduct -- the employee is terminated, regardless of race. (McGrew Aff. at ¶29.)

32. Only several months after Plaintiff was discharged, the Park District terminated Bill Staley (white) on January 24, 2005 for the repeated failure to perform his job properly. (McGrew Aff. at ¶30.)

33. Specifically, Staley displayed a negative and uncaring attitude toward other employees (e.g., failing to fix maintenance issues brought to his attention until specifically asked to by his supervisor) and toward the public (e.g., offending a member of the public by not

---

[3] The Park District did not terminate Andrews because he did not go into the store and was never in possession of the alcohol.  (McGrew Aff. at ¶25.)

addressing his complaint promptly, thus showing a lack of concern for this issue). (McGrew Aff. at ¶31; McGrew Aff., Exh. 2.)

34. This misconduct resembles Plaintiff's misconduct in that both caused a member of the public to view an employee of the Park District in a negative light. (McGrew Aff. at ¶32.)

### E. Plaintiff's EEOC Charge Was Dismissed

35. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on April 11, 2005. (Posey Dep. Tr. 51; Posey Dep. Exh. 1, pp. 1-2.)

36. The EEOC issued Plaintiff a "Dismissal and Notice of Rights" on March 31, 2006, which stated that the EEOC was closing its file on the Charge because it was "unable to conclude that the information obtained establishes violations of the statutes." (Posey Dep. Exh. 1, p. 2; McGrew Aff. at ¶33.)

### F. Plaintiff's Lawsuit

37. Notwithstanding his admissions at the meeting with the Park District and in his Complaint that he purchased the alcohol on work time and gave it to the person located outside of the Circle K store, Plaintiff's lawsuit essentially boils down to a claim that he did not buy the alcohol and only claimed to have bought the alcohol when McGrew persisted in questioning him. (See e.g., Posey Dep. Tr. 19-20, 31, 34; Posey Dep. Exh. 1, p. 6.)

## III. ARGUMENT

### A. Standard of Review

Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Lewis v. Holsum of Fort Wayne, Inc., 278 F.3d 706, 709 (7th Cir. 2002); Fed. R. Civ.Pro. 56(c). If the

nonmoving party fails to make a sufficient showing on an essential element of his case, the moving party is entitled to judgment as a matter of law because a complete failure of proof concerning an essential element of the non-movant's case necessarily renders all other facts immaterial. Id.

**B.     Plaintiff Cannot Prove That The Park District Discriminated Against Him Based On His Race**

1.     Plaintiff Cannot Prove Discrimination Through The Direct Method

To establish discrimination through the direct method, Plaintiff must prove an admission by the Park District or some sort of "smoking gun" that points to discrimination. Isbell v. Allstate Ins. Co., 418 F.3d 788, 794 (7th Cir. 2005). Alternatively, Plaintiff must present circumstantial evidence of intentional discrimination, such as: (1) suspicious timing, ambiguous statements, behavior toward or comments directed at other employees in the protected group, and other bits and pieces from which an inference of discriminatory intent might be drawn; (2) evidence, whether or not rigorously statistical, that employees similarly situated to Plaintiff other than in the protected class received systematically better treatment; or (3) evidence that Plaintiff was qualified for the job in question but passed over in favor of a person not having the forbidden characteristic and that the Park District's stated reason for its decision is unworthy of belief -- a mere pretext for discrimination. Troupe v. The May Department Stores Co., 20 F.3d 734, 736 (7th Cir. 1994).

Here, Plaintiff has failed to offer any statements by the decision-makers that the Park District fired him because he is African-American. Thus, he cannot present direct evidence of discrimination under the direct method of proof. Likewise, no circumstantial evidence of discrimination exists. The Park District did not make any ambiguous comments to Plaintiff. Rather, it made it clear that possession of alcohol on work time was grounds for termination.

There is no suspicious timing because the Park District fired Plaintiff shortly after his admission that he bought the alcohol. The decision not to fire Andrews, also African-American, is behavior disproving any discriminatory intent. In addition, it is clear that non-African-American employees were not treated better than Plaintiff. Plaintiff failed to name a single non-African-American employee who purchased alcohol on work time and was not terminated. In fact, the evidence shows that the Park District treated Plaintiff the same as a non-African-American employee who committed serious misconduct -- the Park District fired both employees. Finally, the Park District's reason for firing Plaintiff was not pretextual because it was based on Plaintiff's own admissions that he purchased the alcohol on work time. Thus, Plaintiff cannot prove discrimination under the direct method of proof.

      2.    Plaintiff Cannot Prove Discrimination Under The Indirect Method

          a.    Plaintiff Cannot Set Forth A *Prima Facie* Case

The indirect method of proof first requires that Plaintiff establish a *prima facie* case of discrimination. Grube v. Lau Industries, 257 F.3d 723, 728 (7th Cir. 2001). If he can prove a *prima facie* case, the Park District must articulate a legitimate non-discriminatory reason for the termination, and Plaintiff must prove that the Park District's articulated reason is a pretext for unlawful discrimination. Id.

To establish a *prima facie* case of race discrimination, Plaintiff must prove: (1) he is a member of the protected class; (2) his job performance met the employer's legitimate expectations; (3) he was terminated; and (4) similarly situated employees outside of the protected class were treated more favorably than him. Foster v. Arthur Andersen, LLP, 168 F.3d 1029, 1036 (7th Cir. 1999). For the reasons set forth below, Plaintiff cannot establish the second and fourth elements of a *prima facie* case of race discrimination.

Plaintiff cannot establish the second element, that he met the Park District's legitimate expectations, because:

- ➢ The Personnel Manual warns in several different places that possession of alcohol while on duty is prohibited. (Undisputed Material Facts, ¶¶21-23.) Plaintiff admitted at the meeting with the District and in the Complaint that he purchased the alcohol, thus failing to meet this legitimate expectation. (Undisputed Material Facts, ¶16.)

- ➢ The Personnel Manual also warns that employees are supposed to work while on duty and not leave their job without permission. (Undisputed Material Facts, ¶24.) Plaintiff bought the liquor when he should have been performing trash removal, thus failing to meet this additional legitimate expectation.

- ➢ The Personnel Manual states that employees should project a positive image of the Park District. (Undisputed Material Facts, ¶20.) Plaintiff bought liquor at 8:30 a.m. (during the workday) and caused a member of the public to call and complain, thus failing to meet this additional legitimate expectation. (Undisputed Material Facts, ¶¶6-8, 15-16.)

Therefore, Plaintiff cannot prove the second necessary element of a *prima facie* case, and he cannot prove a *prima facie* case of discrimination.

Plaintiff also cannot prove the fourth element of a *prima facie* case because he has failed to name a <u>single</u> non-African-American employee directly comparable to him in all material respects, i.e., an employee who purchased alcohol on work time and was not terminated. <u>Patterson v. Avery Denison Corp.</u>, 281 F.3d 676, 680 (7th Cir. 2002) (similarly situated means directly comparable in <u>all</u> material respects). As stated above, the Park District treated Plaintiff the same as a non-African-American employee who committed misconduct. Thus, Plaintiff cannot prove a *prima facie* case on this additional ground.

Therefore, Plaintiff cannot prove discrimination under both the direct and indirect methods of proof, and the Park District is entitled to judgment as a matter of law.

b.  Plaintiff Cannot Prove Pretext

As shown above, Plaintiff cannot possibly prove a *prima facie* case of discrimination. Even if he could, the Park District has articulated a legitimate non-discriminatory reason for its action. Namely, Plaintiff told the District that he bought alcohol on work time.

Thus, summary judgment must be entered for Defendant unless Plaintiff can prove that the legitimate non-discriminatory reason is a pretext for race discrimination. See Grube v. Lau Industries, 257 F.3d at 730 (pretext means a dishonest explanation or a lie); Forrester v. Rauland-Borg Corp., 453 F.3d 416, 419 (7th Cir. 2006) (the only concern in reviewing an employer's reasons for termination is the honesty of the employer's beliefs).

The case of Allen v. Dominick's Finer Foods, Inc., 1999 U.S. Dist. LEXIS 18630 (N.D. Ill. Nov. 26, 1999) (attached as Exhibit L), is authority directly on point and unequivocally supports the Park District's position that Plaintiff cannot prove pretext and intentional discrimination in this case. In Allen, the employer terminated the employee because it believed that he purchased alcohol for another individual while on company time. Id. at *1-2. The employer's handbook prohibited the possession of alcohol at any time on company property. Id. at *9. The employee admitted buying the alcohol during company time. Id. The Court rejected the employee's argument that the purchase was at best a minor infraction. Id. at *10. Because the employee failed to offer evidence that the employer treated similarly situated white employees more favorably or that the employer's stated reason was pretextual, the Court found that the employee had not proven discrimination. Id.

Here, like the employee in Allen, Plaintiff admitted to the Park District that he bought the alcohol and gave it to the person who was not allowed to enter the Circle K store. Moreover, Plaintiff purchased the alcohol on work time because he admitted that he stopped at the Circle K at approximately 8:30 a.m. and his workday started at 7:30 a.m. without a scheduled break until

10:00 a.m. Thus, Plaintiff is precluded from proving that the District's reasons for termination were lies because he admitted engaging in the very conduct upon which the Park District relied to terminate him.

Plaintiff may claim that he testified at his deposition that he initially denied buying the alcohol and only admitted to buying the alcohol after McGrew would not accept his repeated denials. However, Plaintiff's deposition testimony contradicted the allegations in his Complaint and does not create a fact issue requiring Plaintiff's claim to go to trial. The Seventh Circuit has held that formal concessions in pleadings are judicial admissions which are binding upon the party making them. Keller v. United States, 58 F.3d 1194, 1199 fn. 8 (7th Cir. 1995). They may not be controverted and are not evidence at all but rather have the effect of withdrawing a fact from contention. Id.

Even if the Court considers Plaintiff's contradictory deposition testimony, he still cannot prove that the Park District did not honestly believe that Plaintiff had purchased the alcohol on work time, thus violating its work rules. Plaintiff admitted at the meeting that he did purchase the alcohol.

Finally, further evidence that Plaintiff cannot prove pretext is that the same individual who hired him gave input on the decision to terminate him. See EEOC v. Our Lady of the Resurrection Medical Center, 77 F.3d 145, 152 (7th Cir. 1996) (same actor inference -- the same individual who hires and fires an employee -- creates an inference of no discrimination). Thus, Plaintiff still cannot prove pretext.

Accordingly, because Plaintiff cannot prove pretext or point to any material facts in dispute, the Park District is entitled to summary judgment on this additional basis.

## IV.    CONCLUSION

There is not one single concrete fact in this case which supports Plaintiff's claim of discrimination. This is because the Plaintiff admitted to the very misconduct which caused his termination in his Complaint, and he admitted the same misconduct in his meeting with Park District's officials. He should not have bought the alcohol. He should not have bought the alcohol on work time. He should not have bought the alcohol while wearing a uniform that identified him as a representative of the Park District. Even if the Court credits Plaintiff's testimony at his deposition that he denied buying the alcohol, which conflicts with the Complaint, Plaintiff still cannot prove that the Park District did not honestly believe that he had bought the alcohol. Therefore, the Park District is entitled to summary judgment with respect to Plaintiff's race discrimination claim.

Dated:  April 16, 2007                                             Respectfully submitted,

                                                                                    s/ Gregory R. James, Jr.
                                                                                    Gregory R. James, Jr. (06198667)
                                                                                    Joshua A. Dombrow (06255857)
                                                                                    Laner, Muchin, Dombrow, Becker,
                                                                                      Levin and Tominberg, Ltd.
                                                                                    515 North State Street, Suite 2800
                                                                                    Chicago, Illinois 60610
                                                                                    (312) 467-9800
                                                                                    (312) 467-9479 (fax)
                                                                                    gjames@lanermuchin.com
                                                                                    Attorneys for Defendant Champaign Park
                                                                                    District

**CERTIFICATE OF SERVICE**

Gregory R. James, Jr., an attorney, hereby certifies that he caused **Defendant's Amended Memorandum in Support Of Its Motion for Summary Judgment** in the above-captioned matter to be filed with the Court through application of the Court's electronic filing system and that he caused the above-mentioned documents to be served on the party listed below, by placing same in the U.S. Mail located at 515 North State Street, Suite 2800, Chicago, Illinois 60610, postage prepaid, before the hour of 5:00 p.m. on this 14th day of June, 2007, addressed to:

> Mr. Joseph E. Posey, Sr.
> 117 East Roper
> Champaign, Illinois 61820

> s/ Gregory R. James, Jr.
> Gregory R. James, Jr.