**E-FILED**
Thursday, 05 July, 2007  02:10:11 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | | |
|---|---|---|
| JOSEPH E. POSEY, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 06-2114 |
| | ) | |
| CHAMPAIGN PARK DISTRICT, | ) | Judge Michael P. McCuskey |
| | ) | Magistrate Judge David G. Bernthal |
| Defendant. | ) | |

## DEFENDANT CHAMPAIGN PARK DISTRICT'S REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant, Champaign Park District ("Defendant" or "Park District"), established in its Motion for Summary Judgment and supporting evidentiary materials that Plaintiff, Joseph E. Posey, Sr. ("Plaintiff"), could not prove that the Park District terminated him because of his race (African-American) and that the Park District was entitled to judgment as a matter of law.  Thus, Defendant respectfully requested that the Court grant summary judgment in its favor on Plaintiff's race discrimination claim.

At the initial scheduling conference for this case, the Court clearly and unequivocally explained to Plaintiff that he was required to follow the schedule set by the Court and the Federal and Local Rules.

Plaintiff has failed to follow this Court's instructions and the Federal and Local Rules.

Specifically, Defendant filed its Motion for Summary Judgment on April 16, 2007, including Defendant's Undisputed Material Facts.  Plaintiff failed to file a timely response to the Park District's Motion for Summary Judgment in accordance with the Rule 56 Notice the Court sent to Plaintiff.  (Entry #18 on the Court's Docket Sheet.)  Instead, Plaintiff filed his own Motion for Summary Judgment on May 7, 2007, twenty-one days <u>after</u> the filing deadline (April

16, 2007) for case dispositive motions as ordered by the Court. (Defendant has filed a separate Response to Plaintiff's Motion for Summary Judgment which asserts that Plaintiff's Motion for Summary Judgment should be stricken because it was not timely filed and because Plaintiff never sought leave for additional time to file.)

Just as Plaintiff's Motion for Summary Judgment was untimely filed pursuant to the schedule set by the Court and the Local Rules, Plaintiff's Response to Defendant's Motion for Summary Judgment is also untimely filed. Plaintiff filed his Response to Defendant's Motion for Summary Judgment on June 29, 2007, well beyond the twenty-one day deadline to respond to Defendant's Motion for Summary Judgment set by the Court in the Rule 56 Notice sent to Plaintiff.

As a result, Plaintiff's Response to Defendant's Motion for Summary Judgment should be stricken because it was not timely filed and because Plaintiff never sought leave for additional time to file. Further, the Court should: (1) deem admitted the undisputed facts submitted by Defendant in its Motion for Summary Judgment; and (2) rule upon Defendant's Motion for Summary Judgment.

However, even if the Court considers Plaintiff's Response to Defendant's Motion for Summary Judgment, Plaintiff's Response fails to controvert any of the undisputed material facts set forth by the Park District in its Motion for Summary Judgment. Plaintiff's Response simply states that the Court should enter summary judgment in Plaintiff's favor because he filed his own Motion for Summary Judgment.

Consequently, this Court should enter summary judgment in favor of the Park District because the undisputed material facts presented by Defendant prove that Plaintiff admitted to the very same misconduct which caused his termination. Plaintiff purchased alcohol on work time

and while wearing a uniform that identified him as a representative of the Park District, in violation of several Park District policies (conduct in which Plaintiff admitted engaging). Also, Plaintiff has failed to name a single non-African-American employee whom the Park District honestly believed had purchased alcohol on work time and was not terminated. In fact, the undisputed material facts presented by Defendant show that the Park District terminated a non-African-American employee for serious misconduct shortly after it terminated Plaintiff. Simply stated, in this case, there is no evidence of discrimination or pretext, and summary judgment is warranted.

Wherefore, for all of these reasons and for the reasons stated in Defendant's Motion for Summary Judgment and supporting evidentiary materials and Response to Plaintiff's Motion for Summary Judgment, the Court should disregard Plaintiff's Response to Defendant's Motion for Summary Judgment, grant Defendant's Motion for Summary Judgment, deny Plaintiff's Motion for Summary Judgment, and enter judgment in Defendant's favor.

Dated: July 5, 2007                                 Respectfully submitted,

                                                    s/ Gregory R. James, Jr.
                                                    Gregory R. James, Jr. (06198667)
                                                    Joshua A. Dombrow (06255857)
                                                    Laner, Muchin, Dombrow, Becker,
                                                      Levin and Tominberg, Ltd.
                                                    515 North State Street, Suite 2800
                                                    Chicago, Illinois 60610
                                                    (312) 467-9800
                                                    (312) 467-9479 (fax)
                                                    gjames@lanermuchin.com
                                                    Attorneys for Defendant Champaign Park
                                                    District

## <u>CERTIFICATE OF SERVICE</u>

Gregory R. James, Jr., an attorney, hereby certifies that he caused **Defendant Champaign Park District's Reply in Support Of Defendant's Motion for Summary Judgment** in the above-captioned matter to be filed with the Court through application of the Court's electronic filing system and that he caused the above-mentioned documents to be served on the party listed below, by placing same in the U.S. Mail located at 515 North State Street, Suite 2800, Chicago, Illinois 60610, postage prepaid, before the hour of 5:00 p.m. on this 5th day of July, 2007, addressed to:

> Mr. Joseph E. Posey, Sr.
> 117 East Roper
> Champaign, Illinois  61820

> <u>s/ Gregory R. James, Jr.</u>
> Gregory R. James, Jr.