E-FILED
Tuesday, 10 July, 2007 11:06:56 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT
URBANA DIVISION

FILED
JUL 10 2007
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

| | |
|---|---|
| JOSEPH E. POSEY, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 06-2114 |
| | ) |
| CHAMPAIGN PARK DISTRICT, | ) Judge Michael P. McCuskey |
| | ) Magistrate Judge David G. Bernthal |
| Defendant. | ) |

**PLAINTIFF JOSEPH E. POSEY'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Joseph E. Posey, is established in its Motion for Summary Judgment and supporting evidentiary materials that Champaign Park District wrongful terminated because of his race (African- American) after he was assured that he would retain his employment if there was no alcohol in his system and that the Plaintiff, Joseph E. Posey, Sr. should be entitled to a judgment as a matter of law. Thus, Plaintiff respectfully requested that the Court grant summary judgment in its favor on Plaintiff's race discrimination claim.

The Plaintiff did filed a Motion for Summary Judgment on May 7, 2007, twenty-one days after the filing deadline (April 16, 2007) for case dispositive motion. The letter dated April 16, 2007 advised the Plaintiff that there was a twenty-one (21) days to file for a Motion for Summary Judgment on the pleadings. (See enclosed letter)

The Plaintiff has proven fact from the State of Illinois Department of Employment of Security Appeal Division that the Plaintiff was coerced and/or misled in the fact that the Plaintiff would be able to retain his employment if it was proven that there was no alcohol within his system.

Consequently, this Court should enter a summary judgment in favor of the Plaintiff because the undisputed material facts presented by the Plaintiff prove that the Defendant misled the Plaintiff.

Wherefore, for all the reasons and for the reasons stated in Plaintiff's Motion for Summary Judgment and supporting evidentiary materials and Response to Plaintiff's Motion for Summary Judgment, the Court should disregard Defendant's response to Plaintiff Motion for Summary Judgment, grant Plaintiff's Motion for Summary Judgment, deny Plaintiff's Motion for Summary Judgment, and enter judgment in Plaintiff favor.

Dated: July 10, 2007

Respectfully submitted,

*Joseph E. Posey Sr.*

Joseph E. Posey, Sr.
117 East Roper
Champaign, IL 61820
(217) 355-9311
jeps1028@yahoo.com
Pro Se

# CERTIFICATE OF SERVICE

Joseph E. Posey, Sr., Pro Se, hereby certifies that he caused **Plaintiff Joseph E. Posey's Reply in Support of Plaintiff's Motion for Summary Judgment** in the above-captioned matter to be filed with the Court in person and that he caused the above mentioned documents to be served on the party listed on below, by placing same on the U.S. Mail located in Champaign, IL 61820, postage paid, before the hour of 5:00 p.m. on this 10th day of July, 2007, addressed to:

> Gregory R. James, Jr. (06198667)
> Joshua A. Dombrow (06255857)
> Laner, Muchin, Dombrow, Becker,
>    Levin, and Tominberg, Ltd.
> 515 North State Street, Suite 2800
> Chicago, Illinois 60610
> Attorneys for Defendant Champaign Park District

July 10, 2007

Gregory R. James, Jr.
Joshua A. Dombrow
Laner, Muchin, Dombrow,
Becker, Levin, Tominberg, Ltd.
515 North State Street, Suite 2800
Chicago, Illinois 60610

      Re: <u>Posey v. Champaign Park District</u>
          Case No. 06-2114

Dear Mr. James, et. at.,

    I have attached a copy of Plaintiff's Reply in Support of Plaintiff's Motion for Summary Judgment which was filed with Court today on behalf of the Plaintiff.

                Very truly yours,

                Joseph E. Posey, Sr.

Attachments

                Joseph E. Posey, Sr.
                117 East Roper
              Champaign, Illinois 61820
              Phone 217-355-9311
              jeps1028@yahoo.com

E-FILED
Tuesday, 10 July, 2007 11:07:40 AM
Clerk, U.S. District Court, ILCD

# United States District Court
## CENTRAL DISTRICT OF ILLINOIS
### _____ DIVISION

April 16, 2007

Joseph E. Posey, Sr.
117 E Roper
Champaign, IL 61820

RE: POSEY V. CHAMPAIGN PARK DISTRICT
CASE NO. 06-2114

Dear Mr. Posey:

    NOTICE IS HEREBY GIVEN that a case-dispositive motion (such as a motion for summary judgment or motion for judgment on the pleadings) has been filed. See Fed.R.Civ.P. 12(b)(6), Fed.R.Civ.P.56; Fed.R.civ.P12(c). Please be advised that you have **twenty-one (21)** days from the date of filing to respond to the motion. If you do not respond, the motion, if appropriate, shall be granted and the case will be terminated without a trial. See, generally, Lewis v. Faulkner, 689 F. 2d 100 (7th Cir. 1982); Timms v. Frank, 953 F. 2d 281 (7th Cir. 1992). Under the court's local rules, a motion is deemed to be uncontested if no opposing brief is filed. See L.R. CDIL 7.1(B).

    When a motion for summary judgment is made and properly supported, you may not simply rely upon the allegations made in your complaint. Rather, you must respond by affidavit(s) or as otherwise provided in Rule 56 of the Federal Rules of Civil Procedure, a copy of which is attached. Your response must set forth specific facts showing that there is a genuine issue of material fact for trial. If you do not submit affidavits or other documentary evidence contradicting the defendants' assertions, the defendants' statement of facts will be accepted as true for purposes of summary judgment. See **Fed. R. Civ. P 56(e)(attached)**.

                                                    s/John M. Waters
                                                    JOHN M. WATERS, CLERK
                                                    U.S. DISTRICT COURT

cc: pro se plaintiff/all counsel

notice revised 8/7/03

Rule 56.  Summary Judgment

    **(a) For Claimant.** A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof.

    **(b) For Defending Party.** A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof.

    **(c) Motion and Proceedings Thereon.** The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is not genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

    **(d) Case Not Fully Adjudicated on Motion.** If on motion under this rule judgment is not rendered upon the whole case, or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.

    **(e) Form of Affidavits; Further Testimony; Defense Required.** Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

    **(f) When Affidavits are Unavailable.** Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

    **(g) Affidavits Made in Bad Faith.** Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused the other party to incur, including reasonable attorney's fees, and any offending party or attorney may be adjudged guilty of contempt.